UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMB BANK, NATIONAL ASSOCIATION, AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BLUESTONE COKE, LLC F/K/A ERP COMPLIANT COKE, LLC, THOMAS M. CLARKE and ANA M. CLARKE,<br><br>Defendants. | Case No. 20-CV-2043<br><br>DEFENDANT BLUESTONE COKE, LLC f/k/a ERP COMPLIANT COKE, LLC'S NOTICE OF REMOVAL |

**TO: THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendant, Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC ["Bluestone Coke"], by and through its attorneys, Kelley Jasons McGowan Spinelli Hanna Reber LLP, hereby removes this action, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Bluestone Coke states the following:

**FACTS AND PROCEDURAL HISTORY**

1. On February 6, 2020, Plaintiff UMB Bank, National Association, as Trustee, Collateral Agent, Paying Agent, Registrar and Calculation Agent ["UMB Bank"] filed its Motion For Summary Judgment In Lieu Of Complaint Under CPLR §3213 ["Motion"] in the Supreme Court of the State of New York, New York County, captioned as *UMB Bank, national association, AS Trustee v. Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC, Thomas*

*Matthew Clarke and Ana Mercedes Clarke*, Index No. 650854/2020. A true and accurate copy the Summons and Motion, with Exhibits thereto, is attached hereto as **Exhibit A**, which constitutes all pleadings and process in this action.

2. The Motion seeks to recover sums from Bluestone Coke, Thomas Matthew Clarke ["Thomas Clarke"], and Ana Mercedes Clark ["Ana Clarke"]. *See*, Ex. A at 4.

3. UMB's Motion is based on: [1] the Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 in the aggregate principal amount of $22,500,000 [the "Notes"] issued pursuant to Floating Rate Senior Secured Amortizing PIK Toggle Notes Indenture dated as of January 30, 2017 [the "Indenture"]; [2] the Guarantee Agreement dated as of January 11, 2017 [the "Guaranty Agreement"]; and [3] the Indenture. *Id.*

4. UMB claims the Notes, Indenture, and Guarantee Agreement are instruments for the payment of money only and that it is entitled to summary judgment against the Defendants under CPLR § 3213. *Id.*

5. On February 17, 2020, Bluestone Coke accepted a copy of the Summons and Motion. *See*, the affidavit of Hunter Naff, Associate General Counsel for Bluestone Coke, dated March 6, 2020, attached hereto as **Exhibit B**, at 4.

6. Bluestone Coke believes that UMB's Motion fails under CPLR § 3213.

7. None of the Defendants have made any filings in the state court action.

8. This Notice of Removal is being filed within thirty days of Bluestone Coke's receipt of the Summons and Motion, as required by 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

9. This Court has original jurisdiction over this action under 28 U.S.C. §1332(a)(1) because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. "It is well-settled that the party asserting jurisdiction bears the burden of establishing jurisdiction,' and it must prove jurisdiction by a 'preponderance of evidence.'" *Platinum-Montaur Life Sciences v. Navidea Biopharmaceuticals, Inc.* 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006)). If there is any doubt regarding the factual basis for jurisdiction, the appropriate course is for this Court to order limited jurisdictional discovery. *See, Platinum-Montaur*, 943 F.3d at 616-617.

11. UMB's Motion does not allege its state of citizenship. *See*, Ex. A, *generally;* Ex. B at 6.

12. UMB is a national bank. See, Ex. B at 7

13. National banks are deemed citizens of the State in which they are "located." National banks are deemed "located" in the State designated in its Articles of Association as the locus of its designated "main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318-19 (2006); *OneWest Bank v. Melina*, No. 15-3063, 2016 WL 3548346 (2d Cir. 2016).

14. UMB's Articles of Association designates Kansas City, MO as the location of its main office. *See*, Ex. B at 8. Therefore, UMB's state of citizenship for purposes of diversity of citizenship analysis is Missouri.

15. Bluestone Coke's counsel—in writing and telephonically—requested that UMB's counsel consent to diversity jurisdiction before this Court. During these conversations, UMB's

counsel stated that while they had no specific objection to removal to this Court, they were not in a position to consent to same at such time.

16. UMB's Motion does not allege the state of citizenship for Defendants Thomas Clarke and Ana Clarke. *See*, Ex. A, *generally;* Ex. B at 9.

17. A natural person is considered a citizen of his or her state of domicile. "[A] person is considered a citizen of a state if that person is domiciled within that state and is a citizen of the United States." 13E Wright & Miller § 3611, pp. 465–67; *Gilbert v. Davis*, 235 U.S. 561, 569 (1915) (jurisdiction lacking) ("If the plaintiff was domiciled in the State of Michigan when this suit was begun, he was a citizen of that state within the meaning of the Judicial Code."); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (remanded to state court for further fact finding on jurisdiction) ("[I]t must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether Dupont was a citizen of . . . a state other than the state in which Durant–Nichols was incorporated and the state in which it had its principal place of business.").

18. "'[A]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile' – which in turn determines citizenship." *Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. v. Dish Network, L.L.C.*, No. 15 Civ. 1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016 (quoting *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 601 (S.D.N.Y. 1986); *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (internal citations omitted) ("[T]here is no statutory definition of an individual's state of citizenship. But the courts have held that it is the state of the individual's domicile—the state he considers his permanent home.").

19. At the commencement of UMB's action, Defendants Thomas Clarke and Ana Clarke were citizens of Virginia. *See*, Summons at 2; Ex. B at 11-22 *see also,* the Affidavit of Defendant, Thomas Clarke, attached hereto as **Exhibit C**, at 1-10.

20. For purposes of diversity jurisdiction analysis, a limited liability company takes the citizenship of each of its members. *See Landesbank v. Alladdin Capital Mgmt.*, 692 F.3d 42, 49 (2d. Cir. 2012).

21. Defendant Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC is a limited liability company that was formed in Delaware and that has Birmingham, AL as its principal place of business. Ex. B at 23.

22. Bluestone Mineral, Inc. ["Bluestone Mineral"] is the sole member of Bluestone Coke. Ex. B at 24.

23. A corporation—such as Bluestone Mineral—is deemed to be a citizen of both [1] its place of incorporation; and [2] its principal place of business. *See Landesbank*, 692 F.3d at 48.

24. Bluestone Mineral is a Delaware corporation and has Roanoke, VA as its principal place of business. Ex. B at 25. Therefore, for purposes of diversity jurisdiction analysis, Bluestone Mineral is a citizen of Delaware and Virginia, as is Defendant Bluestone Coke.

25. Plaintiff is a Missouri citizen. Defendants, Thomas Clarke and Ana Clarke are both citizens of Virginia. Bluestone Coke is a citizen of both Delaware and Virginia. As a result, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

26. Diversity jurisdiction under 28 U.S.C. § 1332 also requires that the amount in controversy, exclusive of interest and costs, be in excess of $75,000.

27. Plaintiff's Motion includes request that it be awarded "summary judgment against Defendants ERP Compliant Coke, LLC, Thomas Clarke, and Ana Clarke, jointly and severally, for the balance owed under the Indenture, Notes, and Guarantee Agreement, which is $11,225,067.80 as of February 5, 2020 plus further accruing interest, and all other and further attorney's fees and costs of the trustee and the holders, until Plaintiff receives the full amount owed under the Notes, the Indenture and the Guarantee Agreement, and any such further relief as this Court deems just and proper." Ex. A at 8.

28. Thus, Plaintiff's Motion makes several factual allegations establishing that the amount in controversy greatly exceeds $75,000. *Id.*, at 6-9.

## CO-DEFENDANT CONSENT

29. 28 U.S.C. § 1446(a)(2)(A) provides that "[w]hen a civil action is solely removed under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

30. The Second Circuit has reasoned that "defendants who did not join notice of removal 'must independently express their consent to removal.'" *Contreras v. Britestar Homes, Inc.*, 2019 U.S. Dist. LEXIS 173823, at *4 (S.D.N.Y. Oct. 7, 2019) (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012).

31. According to this Court, ""Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written to removal within the thirty-day period.'" *Contreras*, at 4 (quoting *In re Village*, No. 11-CV-8494, at *3 (S.D.N.Y. Mar. 29, 2012)).[1]

---

[1] This Court has acknowledged a split of authority among the United States Courts of Appeal and even among the District Courts in the Second Circuit. *Contreras*, at *n.3.

32. According to his counsel, Thomas Clarke has been served Summons and the Motion. Ex. B at 26. Accordingly, his consent to removal is required. Thomas Clarke's counsel represented that he consented to Bluestone Coke's removal of Plaintiff's cause of action. *Id.* at 27. Thomas Clarke's counsel has further represented that Thomas Clarke shall file in this Court an unequivocal consent to Bluestone Coke's removal of UMB Bank's. cause of action. *Id.* at 28.

33. Insofar as Defendant Ana Clarke has not yet been served Summons or the Motion as of the date of the filing of this Notice of Removal, her consent to Bluestone Coke's Removal is not required. *See* 28 USC § 1446(a)(2)(A); *Vargas v. Holden*, 2011 U.S. Dist. LEXIS 12274 (SDNY Feb. 8, 2011) at *4 (quoting 14C Wright & Miller, Federal Practice and Procedure § 3730 (4th ed. 2009) ("'Defendants who have not been properly served may be ignored . . . for purposes of requiring their joinder in the notice of removal.'")).

## CONCLUSION

34. Complete diversity exists between Plaintiff, UMB, a Missouri citizen and Defendants. Defendants Thomas and Ana Clarke are citizens of Virginia. Defendant Bluestone Coke is a citizen of both Delaware and Virginia. The amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

35. Defendant Bluestone will provide Plaintiff UMB prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, where the Motion was originally filed.

**WHEREFORE**, Bluestone Coke requests that this action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: New York, New York
       March 6, 2020

                          **KELLEY JASONS MCGOWAN SPINELLI HANNA & REBER, LLP**

                          By:   */s/ Lee Schneider*
                                Christopher Hannan, Esq. (CH-4482)
                                Lee Schneider, Esq. (LS-0911)
                                *Attorneys for Defendant,*
                                *Bluestone Coke, LLC, f/k/a ERP Compliant Coke, LLC*
                                120 Wall Street, 21th Floor
                                New York, NY 10005
                                Tel: (212) 344-7400
                                LSchneider@kjmsh.com

## CERTIFICATE OF SERVICE

I, Lee Schneider, Esquire, certify that on the 6th day of March 2020, a copy of the foregoing Notice of Removal, on behalf of defendant, *Bluestone Coke, LLC, f/k/a ERP Compliant Coke, LLC* has been served via NYSCEF filing and by UPS Next Day Air upon all counsel of record for all parties:

Joseph Lombardo, Esq.
Michael Friedman, Esq.
CHAPMAN & CUTLER, LLP
*Attorneys for Plaintiff*
1270 Avenue of the Americas
30th Floor
New York, New York 10020

Timothy Dixon, Esq.
CLARK INVESTMENTS, LLC
*Attorneys for Defendants,*
*Thomas M. Clarke & Anna M. Clarke*
192 Summerfield Court
Suite 203
Roanoke, Virginia 24019

                                           */s/ Lee Schneider*
                                           Lee Schneider