UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UMB BANK, NATIONAL ASSOCIATION, AS TRUSTEE, | ) ) ) ) | Case No. 1:20-cv-02043-LJL |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| BLUESTONE COKE, LLC F/K/A ERP COMPLIANT COKE, LLC, THOMAS M. CLARKE, AND ANA M. CLARKE, | ) ) ) ) |  |
| Defendants. | ) |  |

## STATEMENT OF MATERIAL FACTS

Plaintiff UMB Bank, National Association, as Trustee, respectfully submits herein its Statement of Material Facts in Support of its Motion for Summary Judgment in Lieu of Complaint originally filed prior to removal under New York CPLR § 3213 and converted by agreement to a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 1 (the *"Motion"*).[1]

1. On January 30, 2017, ERP Iron Ore, LLC entered into a Floating Rate Senior Secured Amortizing PIK Toggle Notes Indenture, dated as of January 11, 2017 (the *"Indenture"*) with Wilmington Savings Fund Society, FSB (*"WSFS"*), which, at the time, served as Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Indenture. *See* Ex. 1

---

[1]  The Motion can be found at ECF No. 1-2 pp. 4-5, and the accompanying Memorandum of Law can be found at ECF No. 1-4 pp. 70-81 as attachments to the Notice of Removal filed by Defendant Bluestone Coke, LLC.

hereto, the Affidavit of Gordon Gendler (*"Gendler Aff."*) ¶ 3, ECF. No. 1-2 pp. 6-102; Gendler Aff. Ex. A; ECF No. 1-2 p. 11 through ECF No. 1-3 p. 34 (copy of the Indenture).

2. Under the Indenture certain Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 in the aggregate principal amount of $22,500,000 (the *"Notes"*) were issued. The Notes are governed by the terms and conditions of the Indenture, including, but not limited to, the default provisions applicable upon default under the Notes. Gendler Aff. ¶ 3; Gendler Aff. Ex. B, ECF No. 1-3 pp. 36-78 at p. 7, §§ 4, 11 (copies of the Notes).

3. On November 29, 2019, WSFS was removed and the Plaintiff was appointed as successor Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Indenture and other related documents, and Plaintiff accepted such appointment. Gendler Aff. ¶ 4; Gendler Aff. Ex. C, ECF No. 1-4 pp. 2-28 (copy of the Instrument of Removal, Appointment and Acceptance).

4. Concurrently with the Indenture, Thomas Clarke (*"Thomas"*) and Ana Clarke (*"Ana"*) executed a Guarantee Agreement (the *"Guarantee Agreement"*). Gendler Aff. ¶ 5; Gendler Aff. Ex. D, ECF No. 1-4 pp. 29-54.

5. The Guarantee Agreement was executed pursuant to and subject to the Indenture, which also provides for a guarantee of these obligations by defendant Bluestone Coke, LLC f/k/a ERP Compliant Coke (*"Bluestone"*). Gendler Aff. Ex. A at § 11.01.

6. Under the Guarantee Agreement, each Defendant promises to "jointly and severally, irrevocably and unconditionally guarantee[] on a senior unsecured basis to each Holder and to the Trustee . . . the Notes or any other Issuer Obligations . . . shall be promptly paid in full when due." Gendler Aff. Ex. D at § 2.1(a).

---

2   For ease of review, documents that are available electronically on this Court's docket are reproduced here as exhibits to the Statement of Material Facts with corresponding citations to their docket entries.

7. The parties, however, agreed that Ana was a "Limited Guarantor" and that her guaranty was limited to the value of her interest in the "Guarantee Shares" as of the date of the Guarantee Agreement. Gendler Aff. Ex. D at § 2.2(b). The "Guarantor Shares" include Ana's 38.5 percent ownership in each of Seneca Coal Resources, LLC, Seminole Coal Resources, LLC and Conuma Coal Resources Limited (the *"Capital Stock"*). Gendler Aff. Ex. D at Schedule 2.

8. Under the Guarantee Agreement, each Defendant further waived "diligence, presentment, demand" and "any right to require a proceeding first against the Issuer, protest, notice, and all demands whatsoever." Gendler Aff. Ex. D at §2.1(b).

9. In addition, each Defendant agreed to guarantee, jointly and severally, "all costs and expenses (including reasonable attorneys' fees and expenses) incurred by the Trustee, the Collateral Agent, or any Holder in enforcing any rights under [the Guarantee Agreement] or the Indenture." Gendler Aff. Ex. D at § 2.1(c) (Thomas and Ana); Gendler Aff. Ex. A at § 11.01(c) (Bluestone).

10. On May 25, 2018, certain creditors filed an involuntary petition under 11 U.S.C. § 303(a) of the United States Bankruptcy Code against ERP Iron Ore, LLC, commencing a bankruptcy case in the District of Minnesota styled as *In re ERP Iron Ore, LLC*, Case No. 18-50378 (the *"Bankruptcy Case"*). Gendler Aff. ¶ 7.

11. On July 17, 2018, an Event of Default under the Indenture occurred pursuant to Section 6.01(a)(9)(i)(B) of the Indenture when ERP Iron Ore, LLC consented to an order for relief in the Bankruptcy Case. Gendler Aff. ¶ 8.

12. On that same day, all principal and accrued and unpaid interest on the Notes was accelerated and became immediately due and payable under Section 6.02(a)(2) of the Indenture. Gendler Aff. ¶ 9.

13. Upon acceleration of all principal and accrued and unpaid interest on the Notes on July 17, 2018, a 180-day standstill period regarding collection from Bluestone began running pursuant to Sections 6.02(b) and (c) of the Indenture. Gendler Aff. ¶ 10.

14. WSFS as trustee under the Indenture did not receive a Redemption Failure Notice within ten business days following the expiration of the standstill period, as required by the Indenture. Gendler Aff. ¶ 11; Ex. A § 6.02(b).

15. Thus, pursuant to the terms of the Indenture as well as the passage of time, the 180-day standstill period has expired. Gendler Aff. ¶ 11.

16. Accordingly, the Trustee, Collateral Agent, and holders of the Notes were each then empowered to pursue any available remedy to collect payment of principal, premium, and interest on the Notes including the payment of attorneys' fees and expenses. Gendler Aff. ¶ 12.

17. On June 7, 2019, WSFS delivered a written demand to Defendants seeking collection of all Issuer Obligations that, at the time, totaled no less than $15,207,026.34, consisting of principal and interest and costs and expenses up to and including May 31, 2019. Gendler Aff. ¶ 13; Gendler Aff. Ex. E, ECF No. 1-4 pp. 55-58 (copy of the written demand).

18. Since then, the amount of Issuer Obligations has continued and will continue to accrue in the form of interest (including interest at the default rate pursuant to Section 2.12(a) of the Indenture), costs and expenses (including the reasonable attorneys' fees and expenses of the Trustee and the Holders pursuant Section 2.1(c) of the Guarantee and Section 7.07(b) of the Indenture), among other sources of Issuer Obligations. Gendler Aff ¶ 14.

19. Despite demand, after the date of the written demand, none of the Defendants have made payment under either the Indenture or the Guarantee Agreement. Gendler Aff. ¶ 15.

20. On October 24, 2019, WSFS, as indenture trustee for the Notes, entered into a settlement with the Chapter 7 Trustee, Nauni Manty, appointed in the Bankruptcy Case. Gendler Aff. ¶ 16.

21. Pursuant to that settlement, the Chapter 7 Trustee agreed to disburse $7,075,942.33. Gendler Aff. ¶ 16; Gendler Aff. Ex. F, ECF No. 1-4 pp. 60-69 (copy of the Settlement Agreement).

22. None of the Defendants objected to or disputed the settlement payment from the Chapter 7 Trustee. *See Progress Rail Leasing Corp. v. White County, Indiana*, Case No. 18-05034 (Bankr. Minn.) (the adversary case).

23. After payment of WSFS's fees and expenses to which it was entitled under the Indenture and the retention of a reserve amount in the trust estate, an amount equal to $6,069,803.31 was distributed to the holders of the Notes for payment of principal and interest due on the Notes on November 15, 2019. Gendler Aff. ¶ 17.

24. Accordingly, as of February 5, 2020, $10,583,861.76 in principal; plus accrued, but unpaid, interest in the amount of $264,555.38; plus unpaid fees, including attorneys' fees and costs, is outstanding on the Notes and due under the Indenture and Guarantee Agreement, which amount of unpaid fees includes an amount equal to at least $374,650.66 attributable to attorneys' fees and expenses owed to certain holders of the Notes. Gendler Aff. ¶ 18.

25. Plaintiff and its predecessor trustee, WSFS, performed under the Indenture and the Guarantee Agreement as the Notes were issued and administered according to the terms of those agreements. Gendler Aff. ¶¶ 3; 8-11; 14.

26. On February 5, 2020 Plaintiff filed its Motion for Summary Judgment in Lieu of Complaint under CPLR 3213 in the Supreme Court of the State of New York, New York County. ECF No. 1-2 at p. 2-3.

27. Bluestone filed a Notice of Removal to this Court on March 3, 2020.  ECF No. 1.

28. Each Defendant consented to removal.  *See* ECF No. 1 (Bluestone); ECF No. 18 (Thomas and Ana).

29. Plaintiff is a national banking association and is a citizen of Missouri.

30. Defendant Bluestone is a Delaware limited liability company with a principal place of business in Birmingham, Alabama.  ECF. No. 1-5 p. 5 at ¶ 23.

31. Defendants and Ana and Thomas are citizens of Virginia. ECF No. 15 at ¶¶ 1-3.

32. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

33. This Court has personal jurisdiction over the Defendants because jurisdiction in New York is conferred under N.Y. GEN. OBLIG. LAW § 5-1402 as the Notes, Indenture, and Guarantee Agreement are each governed by New York law pursuant to N.Y. GEN. OBLIG. LAW § 5-1401, the amount owed is over a million dollars, and each Defendant submitted to the jurisdiction of New York state courts and federal courts sitting in the Borough of Manhattan.  *See* Gendler Aff. Ex. A at § 13.06 (Indenture governed by New York law); Ex. B at § 13 (Notes governed by New York law); Ex. D at §§ 8.11 and 8.12 (Guarantee Agreement governed by New York law and submission to New York state and federal courts' jurisdiction by all defendants).

DATED:		April 23, 2020

					Respectfully Submitted,

					 /s/ Joseph P. Lombardo

					Michael Friedman
					Joseph P. Lombardo
					CHAPMAN AND CUTLER LLP
					*Counsel for Plaintiff UMB Bank, National Association, as Trustee*
					1270 Avenue of the Americas
					New York, NY 10020
					(212) 655-6000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2020 a copy of foregoing **STATEMENT OF MATERIAL FACTS** was filed through the Courts ECF system and will be sent electronically to the registered participants. Interested parties may access this filing through the Court's system.

By   /s/ Joseph P. Lombardo
         Joseph P. Lombardo