IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMB BANK, NATIONAL ASSOCIATION, AS TRUSTEE,<br><br>          Plaintiff,<br><br>  v.<br>BLUESTONE COKE, LLC F/K/A ERP COMPLIANT COKE, LLC, THOMAS M. CLARKE and ANA M. CLARKE,<br>          Defendants. | Case No. 1:20-cv-2043(LJL) |

## BLUESTONE COKE, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT

**KELLEY JASONS MCGOWAN SPINELLI HANNA & REBER, LLP**
*Attorneys for Defendant Bluestone Coke, LLC*
120 Wall Street, 21st Floor
New York, New York 10005
T: (212) 344-7400
F: (212) 344-7402

# **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………….…2

TABLE OF AUTHORITIES……………………………………………………...……….3

PRELIMINARY STATEMENT…………………………………………………..………...4

STATEMENT OF FACTS………..………………………………………….…….…..5

    A. Facts and Information Presently Unavailable to Bluestone Coke…….………..…6

    B. Necessary Discovery to be Taken and Demanded by Bluestone Coke.……….…8

    C. Impact of the Aforementioned Facts and Issues on Plaintiff's
    Summary Judgment Motion……………………………………..……………….…..9

    D. Bluestone Coke's Efforts to Obtain Facts and Information…..………………..9

**ARGUMENT I: THIS COURT SHOULD DENY UMB'S SUMMARY JUDGMENT
BECAUSE IT DOES NOT ESTABLISH A *PRIMA FACIE* CASE FOR
ENFORCEMENT OF AN UNCONDITIONAL GUARANTY**…..……………….……10

    A. The Amount Due Under The Guarantee Cannot Be Determined
    Without Resort To Significant Extrinsic Evidence…………………………….……..12

    B. Determining The Issuer's Indebtedness Requires Analysis Of Whether
    It Made Any Interest Payments—Cash Or Payment In Kind—And
    Whether It Paid Any Amortization Amounts Or Principal…………………………12

    C. UMB Bank Does Not Provide Adequate Support For Its
    Retention Of $1,006,139.02 In "Fees And Expense" From A
    $7,075,942 Bankruptcy Settlement Involving Disposition Of
    The Issuer's Assets……………………………………………………….……..14

    D. UMB Bank Does Not Provide Adequate Support For Its Claim
    For Attorneys' Fees Or Unpaid Interest Or Other Costs……………….……15

**ARGUMENT II: THIS COURT SHOULD DENY UMB'S MOTION BECAUSE
BLUESTONE COKE HAS BEEN DENIED THE OPPORTUNITY
TO CONDUCT DISCOVERY**…………………………………………………..……16

CONCLUSION………………………………………………………………………18

# **TABLE OF AUTHORITIES**

**CASES**

*American Home Assurance Co. v. Jamaica*, 418 F. Supp. 2d 537
 (S.D.N.Y. Mar. 2, 2006) ……………………………………………………..............…..17

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ……………….…..........................................11

*CIFI Latam, S.A. v. Tauch*, 1:19-cv-05607-LTS-SN (S.D.N.Y. May 27, 2020) …………........17

*Cleaning Servs. v. Colin Serv. Sys., Inc.*, 271 F.3d 374 (2d Cir. 2001) ……………..................17

*Cooperative Centrale Raiffeisen-Boerenleenbank v. Navarro*
 25 N.Y.3d 485 (2015)………………………………………………………………......11, 14

*Gurary v. Winehouse*, 190 F.3d 37 (2d Cir. 1999) …………….…………………………......15

*Hack v. Stang*, 2015 WL 5139128 (S.D.N.Y Sept. 1, 2015) …………………………………..15

*Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ……………..........16

*ICBC (London) v. Blacksands Pac. Group, Inc.*, 2015 WL 5710947
 (S.D.N.Y. Sept. 29, 2015) ...………………………………………………………….……11

*Katz v. Adecco USA, Inc.*, 2011 WL 4236670 (S.D.N.Y. Jun. 6, 2011) ………………...........16, 17

*New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154
(2d Cir. 1983)…………………………………………………………………………………….15

*Tabatznik v. Turner*, 2016 WL 1267792 (S.D.N.Y. Mar. 30, 2016) ………………………….. 15

*Torin Assocs., Inc. v. Perez*, 2016 WL 6662271 (S.D.N.Y. Nov. 10, 2016) ……………............11

**STATUTES**

Fed. R. Civ. P. 56…………………………………………………………………….………..11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UMB BANK, NATIONAL ASSOCIATION, AS TRUSTEE,

         Plaintiff,

  v.

BLUESTONE COKE, LLC F/K/A ERP COMPLIANT COKE, LLC, THOMAS M. CLARKE and ANA M. CLARKE,

         Defendants.

Case No. 1:20-cv-2043(LJL)

## DEFENDANT BLUESTONE COKE, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINITFF'S MOTION FOR SUMMARY JUDGMENT

Lee D. Schneider, an attorney duly admitted to practice in the Courts of the State of New York affirms the following to be true under the penalty of perjury:

I am a Partner of the law firm, KELLEY JASONS MCGOWAN SPINELLI HANNA & REBER, LLP attorneys of record for Defendant, Bluestone Coke, LLC F/K/A ERP Compliant Coke, LLC ("Bluestone Coke"), and as such I am fully familiar with the facts and circumstances of the within action based on a review of the file maintained by this firm.

I submit this Memorandum of Law in further Opposition to the Motion for Summary Judgment of Plaintiff, UMB Bank, National Association, as Trustee ("UMB Bank").

## PRELIMINARY STATEMENT

UMB Bank's lawsuit was originally filed in New York state court as a pre-discovery summary judgment motion pursuant to a provision that is available under the New York Civil Practice Laws and Rules ("C.P.L.R."). This action was immediately removed to Federal Court, where pre-discovery summary judgment practice is atypical, and not well-founded in the Federal Rules of Civil Procedure. Nonetheless, pursuant to Your Honor's Order, UMB Bank elected to utilize its only attempt at summary judgment by maintaining its previously-filed summary

judgment motion from New York state court. In doing so, UMB Bank bypassed an opportunity to file a standard summons and complaint and allow discovery to proceed under its normal course pursuant to the Federal Rules of Civil Procedure.

Thus, as it stands, Plaintiff's summary judgment motion is pending before this Court without *any* formal discovery having taken place. Accordingly, Plaintiff is asking this Court to accept the following as undisputed facts, without allowing Defendants the opportunity to investigate the claims and mount a defense:

- UMB Bank issued $22,500,000 in notes that were guaranteed by Defendants, which are immediately due and payable; and
- The outstanding principal, interest, fees, and costs is $11,225,067.80.

Because UMB Bank has not shown this Court or the Defendants the substance behind these determinations and calculations, it has failed to meet its *prima facie* burden. Further, even if this Court were to conclude that UMB Bank had satisfied its burden, Bluestone Coke has been denied the opportunity to conduct the discovery that would enable it to respond adequately to Plaintiff's Motion for Summary Judgment. Therefore, Bluestone Coke respectfully requests that this Court issue an order: (a) denying Plaintiff's Motion for Summary Judgment;  (b) setting forth a mechanism by which the parties should enter into a discovery schedule; and (c) providing such other and further relief as this Court deems just and proper.

## **STATEMENT OF FACTS**

On February 6, 2020, Plaintiff, UMB Bank, National Association, as Trustee, Collateral Agent, Paying Agent, Registrar and Calculation Agent ("UMB Bank") filed a Motion For Summary Judgment In Lieu of Complaint Under C.P.L.R. § 3213 ("Motion") in the Supreme Court of the State of New York, New York County, captioned as *UMB Bank, national*

*association, As Trustee v. Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC*, Index No. 650854/2020. *See*, the Declaration of Jason E. Pepe, General Counsel—Litigation of Bluestone Coke, dated June 9, 2020 (the "Pepe Declaration") at ¶ 3. On March 6, 2020, Bluestone Coke removed the Motion to this Court. *Id.*, at ¶ 4. On March 31, 2020, this Court ordered UMB Bank to advise "the Court: (1) whether it elects to have the Court consider the Motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 in addition to it being treated as a complaint; and (2) if so, whether it elects to have the Gendler Affidavit treated as its Rule 56.1 statement." On April 2, 2020, UMB Bank notified this Court that it opted to have the Motion treated as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure, and that it would be filing a Rule 56.1 Statement of Material Facts. On April 23, 2020, UMB Bank filed its Rule 56.1 statement. *See*, Pepe Declaration at Ex. C. Bluestone Coke's Statement of Material Facts is incorporated herewith, and attached to the Pepe Declaration at Ex. D.

Pursuant to the procedural history as demonstrated, *supra*, Plaintiff filed its Motion for Summary Judgment prior to any discovery having taken place. Because Bluestone Coke has been unable to conduct ***any*** discovery, it cannot adequately respond to the allegations set forth in UMB Bank's Motion for Summary Judgment. *Id*. at ¶ 9.

### A. Facts and Information Presently Unavailable to Bluestone Coke

Without the benefit of discovery, Bluestone Coke can neither admit nor deny that $22,500,000 in Notes were issued by ERP Iron Ore, LLC ("ERP Iron Ore"). At best, Bluestone Coke's Guarantee Agreement recites that "the Issuer *has duly authorized the creation and issuance* of $22,500,000 aggregate principal amount of its Floating Rate Senior Amortizing PIK Toggle Notes due December 31, 2019 (the "Notes" pursuant to the Indenture, which Notes shall

be issued in connection with the Closing (as defined in that certain asset purchase agreement, dated as of December 6, 2016), by and among MG Initial Purchaser, LLC, a Delaware limited liability company, the Issuer, the Debtor Company and certain of its Subsidiaries) in connection with the sale of assets by the Debtor Company to the Issuer." (the "Guarantee") (*emphasis added*). See, Pepe Declaration at ¶ 10 and at Ex. E.

UMB Bank has not produced the actual notes that were issued by ERP Iron Ore. Instead, UMB Bank provides this Court with an exemplar note stamped "COPY." (the "Indenture" See, Pepe Declaration Ex. A, at Ex. B of the Indenture). Without discovery, Bluestone Coke can neither admit nor deny whether §§ 4 and 7 from the exemplar appear in the notes that were issued by ERP Iron Ore. *See*, Pepe Declaration at ¶ 11 and at Ex. F.

Without the benefit of discovery, Bluestone Coke can neither admit nor deny that Wilmington Savings Fund Society, FSB as trustee ("WSFS") did not receive a Redemption Failure Notice within ten (10) days following the expiration of the First Standstill period. *Id.* at ¶ 12. Without the benefit of discovery, Bluestone Coke can neither admit nor deny that WSFS was empowered to pursue its remedies. *Id.* at ¶ 13. If WSFS received a Redemption Failure Notice from the Issuer, ERP Iron Ore, before the expiration of the First-Stand Still Period, then Bluestone Coke would have been entitled to an additional 180-day stand-still period— denominated as the "Second Standstill Period." *Id*., at Ex. F, § 6.02(b)(2).

While Bluestone Coke admits that WSFS delivered a "Demand for Payment" to the Defendants on June 7, 2019, and while Bluestone Coke further admits that the demand was for $15,207,026.34, without the benefit of discovery, Bluestone Coke can neither admit nor deny that the total of all Issuer Obligations totaled $15,207,026.34. *Id*., at ¶ 14. Without the benefit of discovery, Bluestone Coke can neither admit nor deny that WSFS or UMB Bank delivered

multiple demands to any of the Defendants. Furthermore, without the benefit of discovery, Bluestone Coke can neither admit nor deny UMB Bank's assertion that none of the Defendants have made payments under the Indenture or the Guarantee Agreement. *Id*., at ¶ 15.

Without the benefit of discovery, Bluestone Coke cannot challenge the reasonableness of the $7,075,942.33 settlement between WSFS and the Chapter 7 Trustee. *Id*., at ¶ 16. Without the benefit of discovery, Bluestone Coke can neither admit nor deny that WSFS was entitled to any fees and expenses, much less address its assertion that it was entitled to keep $1,006,139.02 from the settlement in lieu of applying some or all of that amount to the outstanding principal and interest claimed by UMB Bank. Furthermore, without the benefit of discovery, Bluestone Coke can neither admit nor deny that $6,069,803.31 was distributed to the Note holders. *Id*., at ¶ 17.

Without the benefit of discovery, Bluestone Coke can neither admit nor deny of the amounts claimed by UMB Bank as being outstanding and due. *Id*. at Ex. C and at ¶18. Without the benefit of discovery, Bluestone Coke can neither admit nor deny that WSFS performed under the Indenture and the Guarantee Agreement as the Notes were issued and administered according to the terms of those Agreements. *Id*., at ¶ 19.

### B. Necessary Discovery to be Taken and Demanded by Bluestone Coke

In order to cure the above-referenced deficiencies, Bluestone Coke will need to conduct significant discovery in order to adequately and fairly defend itself in this action. Namely, Bluestone Coke would likely serve document requests and interrogatories to UMB Bank, as well as co-defendants Thomas M. Clark and Anna M. Clark regarding the above issues. Furthermore, Bluestone Coke would seek the depositions of representative(s) of UMB Bank, Thomas M. Clark, Anna M. Clark, and Gordon Gendler (the affiant who supports Plaintiff's Motion for Summary Judgment). Additionally, Bluestone would subpoena business records from WSFS and

seek a deposition from its representative(s). Depending upon UMB Bank's document production, it may be necessary to subpoena, from UMB Bank's counsel, redacted invoices and evidence of payment to evaluate the amount and reasonableness of attorneys' fees. *Id*, at ¶ 20-23.

### C. Impact of the Aforementioned Facts and Issues on Plaintiff's Summary Judgment Motion

The issues and facts raised, *supra*, go to the core issue of the amount of ERP Iron Ore's indebtedness, and by extension Bluestone Coke's liability under its guarantee. UMB Bank has not furnished this Court with any accounting or calculations that could establish a foundation for Plaintiff's assertion that the Issuer's obligations total $11,225,067.80. *Id*, at ¶ 24-25. Discovery could reveal that a lesser amount of fees and expenses should have been deducted from WSFS's settlement with the Chapter 7 Trustee—creating a genuine issue of material fact. Discovery also could reveal that UMB Bank's costs, including attorney's fees, are unreasonable and should be reduced—creating a genuine issue of material fact. Discovery could also reveal that UMB Bank did not properly account for the Issuer's payments or calculate the applicable interest—creating a genuine issue of material fact. *Id*, at ¶ 26-28.

### D. Bluestone Coke's Efforts to Obtain Facts and Information

Despite the fact that Plaintiff initiated this lawsuit via the filing of a Motion for Summary Judgment–thus attempting to bypass important discovery–Bluestone Coke has, *sua sponte*, attempted to obtain facts and information in an attempt to defend itself against the pending motion. Unfortunately, these efforts remain incomplete and have to date been insufficient. *Id*, at ¶ 29. On March 27, 2020, counsel for Bluestone Coke, Mr. Jason E. Pepe, sent an email to counsel for Defendants, Thomas M. Clarke and Anna M. Clarke (the "Clarke Defendants"), asking him if his clients had documents "regarding the various instruments and factual allegations that [he could] share with [Bluestone Coke]." *Id*, Ex. G. and at ¶ 30.

Furthermore, as of July 31, 2019—well after the operative events giving rise to this case—Bluestone Mineral, Inc. ("Bluestone Mineral") entered a Membership Interest Transfer Agreement ("MITA") with the Clarke Defendants and other affiliated entities.[1] In the MITA, Bluestone Mineral acquired all interest in ERP Compliant Coke. Subsequent to Bluestone Mineral's acquisition, ERP Compliant Coke's name was changed to Bluestone Coke, LLC. *Id.*, at ¶ 31-33.

In connection with Bluestone Mineral's acquisition of ERP Compliant Coke, Bluestone Mineral was provided a "due diligence" electronic file. Mr. Pepe has reviewed the "due diligence" electronic file to determine if it contained documents from which Bluestone Coke could derive the facts at issue in this matter and discussed, *supra*. The "due diligence" electronic file did not contain any documents that could be relied up to provide facts relevant to these issues. *Id.*, at ¶ 34-36. On May 29, 2020, Mr. Pepe requested that Bluestone Coke personnel conduct a search for business records and documents at the Bluestone Coke facility that could possibly allow it to discover facts necessary to respond to UMB Bank's Motion for Summary Judgment. The involved Bluestone Coke personnel responded that, after performing a diligent search, they were unable to locate any documents relevant to these facts and issues. *Id.*, at ¶ 37.

## ARGUMENT

**I. THIS COURT SHOULD DENY UMB'S SUMMARY JUDGMENT MOTION BECAUSE IT DOES NOT ESTABLISH A *PRIMA FACIE* CASE FOR ENFORCEMENT OF AN UNCONDITIONAL GUARANTY.**

Plaintiff originally filed its summary judgment in New York state court pursuant to CPLR §3213. Bluestone Coke then removed the action to this Court. Accordingly, Rule 56 of

---

[1] It is precisely because Bluestone Mineral acquired ERP Compliant Coke well after the events giving rise to this litigation that Bluestone Mineral/Bluestone Coke lack documents and sources for facts necessary to resist UMB Bank's Motion for Summary Judgment.

- 10 -

the Federal Rules of Civil Procedure controls adjudication of UMB Bank's motion. *See, ICBC (London) v. Blacksands Pac. Group, Inc.*, 2015 WL 5710947 (S.D.N.Y. 2015).

A motion for summary judgment is to be granted only if the movant can show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…admissions, interrogatory answers or other materials. Fed. R. Civ. P. 56(c)(1)(A). The moving party must initially satisfy a burden by demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Further, if a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

"Plaintiff's *prima facie* case upon an unconditional guarantee requires proof of the 'existence of the guaranty, the underlying debt[,] and the guarantor's failure to perform under the guaranty.'" *Torin Assocs., Inc. v. Perez*, 2016 WL 6662271 (S.D.N.Y. Nov. 10, 2016) at *4 (quoting *Cooperative Centrale Raiffeisen-Boerenleenbank v. Navarro*, 25 N.Y.3d 485, 492 (2015)). "To prevail on its motion for summary judgment, Plaintiff must demonstrate that there are no genuine disputes surrounding any of the facts that are material to these three requirements." *Torin Assoc.*, 2016 WL 6662271 at *4. Summary judgment is not appropriate in a C.P.L.R. §3213 case that would require "extrinsic proof" to determine the amount due under a guarantee for an underlying debt. *See id.*

In this case, the amounts allegedly due under the guarantees cannot be determined by merely examining the Indenture, Notes, and Guarantees. Instead, significant outside evidence would be required to prove the amount of the underlying debt. Moreover, because Bluestone Coke has thus far not been afforded any opportunity for discovery, it cannot present many facts that would be required to support its opposition to UMB Bank's summary judgment motion.

### A. The Amount Due Under The Guarantee Cannot Be Determined Without Resort To Significant Extrinsic Evidence.

UMB Bank contends that, on July 17, 2018, an Event of Default under the Indenture occurred when "ERP Iron consented to an order for relief in the Bankruptcy case." It further contends that all principal and accrued and unpaid interest on the Notes was accelerated and became immediately due and payable. It claimed the total indebtedness of the Issuer, ERP Iron, at that time was "no less than $15,207,026.34." UMB now pleads that the Issuer's indebtedness is $11,225,067.80. And the only evidence that UMB Bank marshals to support that number is a naked assertion in an affidavit. There are several moving pieces to the calculation of the Issuer's indebtedness at the time of default and is it exists today. This Court should require that UMB Bank prove that indebtedness with more than an unsupported allegation in an affidavit.[2] And it should afford Defendants basic fairness and due process by ordering discovery on the calculation and accounting for the indebtedness.

### B. Determining The Issuer's Indebtedness Requires Analysis Of Whether It Made Any Interest Payments—Cash Or Payment In Kind—And Whether It Paid Any Amortization Amounts Or Principal.

The Notes at issue in this case are payment in kind ["PIK"] notes. These type of notes permit the issuer to make interest payments in the form of cash or payment in kind—that is

---

[2] The affidavit does not provide any sort of foundation for the methodology and calculations and assumptions made to arrive at that figure. It simply asserts ERP Iron owed UMB $11,225,067.80.

deferring the cash interest payment and instead adding the interest to the principal balance of the notes.[3] The Notes further provided that "the Issuer promises to pay Amortization Amounts on each Amortization Date as set forth in Section 4.01 of the Indenture." "Amortization Amounts" is a defined term in the Indenture. "Amortization Amount" means $2,000,000 or such lesser amount as is due on any Amortization Payment Date.

UMB Bank does not provide this Court any evidence as to the type or amount of interest payments made by the Issuer or whether the Issuer paid any Amortization Amounts or principal amounts. Absent some reasonable evidence showing the accounting and calculation of the Issuer's indebtedness, UMB Bank has not met its *prima facie* burden. UMB Bank cannot merely

---

[3] Even the interest calculations cannot be made without resort to extrinsic evidence. There are some key provisions regarding interest calculations. First, the Issuer was obligated to pay interest on March 31, June 30, September 30 and December 31 each year. The interest was adjusted quarterly and determined by a Calculation Agent. Generally speaking, the rate was set to LIBOR plus 8 % ["Applicable Rate"]. Furthermore, Issuer was obligated to pay an additional 2% on overdue principal and premium. And, of course, upon default, the rate became the Applicable Rate plus 2%.

"'LIBOR' means, with respect to any Interest Determination Date, the London interbank offered rate as administered by ICE Benchmark Administration Limited (or any other Person that takes over the administration of such rate) for deposits immediately available funds in the United States dollars having a maturity of three months as displayed on the Bloomberg screen page that displays such rate . . .." [Indenture, at 12] [attached at Ex. F of the Pepe Declaration]

The rate of interest was reset on the first day of each Interest Period. And the rate was fixed by a Calculation Agent. "All calculations of the Calculation Agent, in the absence of manifest error, shall be conclusive for all purposes and binding on the Issuer and Guarantors and the Holders of the Notes . . .."

The rate varied quarterly. Therefore, reference must be made to LIBOR and the calculations of the Calculation Agent in order to determine the Issuer's indebtedness, and by extension Bluestone Coke's liability under the guarantee. This again is an example that extrinsic evidence must be considered to determine Bluestone Coke's liability under its guarantee.

Because UMB Bank did not provide this Court or any Defendant with an accounting of the Issuer's indebtedness or interest calculation, it is unclear whether UMB Bank purports to be charging interest on the fees and costs it is claiming. Section 2.12(a) provides that [u]pon the occurrence and during the continuance of an Event of Default, the principal amount of the Notes and any accrued and unpaid interest *and all other overdue amounts shall bear interest* until paid to the Persons who are Holders . . .." [Id.] [emphasis added]. Without conceding the issue of whether "fees and expense" qualifies as an overdue amount subject to interest, to the extent UMB Bank's claimed fees and expense are ultimately reduced in this case, so too would be UMB Bank's interest determination.

come into this Court with an affidavit, which completely lacks foundational calculations or methodology, and declare that Defendants owe it $11,225,067.80.

The broader point is that this Court cannot determine Bluestone Coke's liability under its guarantee by merely looking at the indenture or its guarantee. Significant extrinsic evidence—not the least of which is the Gendler Affidavit—is required to determine Bluestone Coke's liability. And on that basis alone, this Court should deny UMB Bank's motion.

### C. UMB Bank Does Not Provide Adequate Support For Its Retention Of $1,006,139.02 In "Fees And Expense" From A $7,075,942 Bankruptcy Settlement Involving Disposition Of The Issuer's Assets.

In its moving papers, UMB Bank describes a settlement agreement that WSFS, the indenture trustee, reached with the Chapter 7 trustee in the Issuer's bankruptcy. According to UMB Bank, the trustee disbursed $7,075,942.33 to WSFS. WSFS did not, however, disburse the full $7,075,942 to the Note holders. Instead, WSFS deducted $1,006,139.02 for "fees and expense to which it was entitled under the Indenture and the retention of a reserve amount in the trust estate," leaving only $6,069,803.31 to be disbursed to the Note holders. This has the effect of increasing the indebtedness of Defendants.

Under New York law, there are but few affirmative defenses to a claim seeking to enforce an unconditional guarantee. *See Cooperative Centrale*, 15 N.Y.3d at 282. One such defense, however, is payment. *See id.* The $7,075,942.33 operates as a partial payment of the Issuer's obligation. And insofar as UMB Bank did not provide any foundation for the amount or reasonableness of the "fees and expense" deducted from the settlement, it cannot be said that UMB Bank has met its *prima facie* burden, and is but another example how Bluestone Coke's obligation under its guarantee cannot be fixed without resort to extrinsic evidence. And even if it

could be said that UMB Bank met its *prima facie* burden, due process requires that Bluestone Coke be permitted discovery as to the amount and reasonableness of the fees and expense.

> D. **UMB Bank Does Not Provide Adequate Support For Its Claim For Attorneys' Fees Or Unpaid Interest Or Other Costs.**

UMB Bank asserts that "[c]urrently, $10,583,861.76 in principal; plus accrued, but unpaid interest in the amount of $264,555.38; plus unpaid fees, including attorneys' fees and costs is outstanding on the Notes and due under the Indenture and Guarantee Agreement." It further claims that "[the amount of unpaid fees includes an amount equal to at least $376,650.66 attributable to attorneys' fees and expenses owed to certain holders of the Notes, as permitted by the Guarantee Agreement and the Indenture." *See*, Pepe Declaration at Ex. C, ¶ 24.

It is hornbook law that attorney's fees and expenses must be reasonable. *See Hack v. Stang*, 2015 WL 5139128 (S.D.N.Y 2015). "'In the Second Circuit, a party seeking an award of attorneys' fees must support that request with contemporaneous time records that show, 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Id at* *10 (quoting, *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983)); *see also Tabatznik v. Turner*, 2016 WL 1267792 (S.D.N.Y. Mar. 30, 2016) at *16 ("While it is ultimately within the court's discretion to determine the reasonableness of the requested fee, the 'burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'").

Because UMB Bank has not provided any documentation regarding these fees and expenses, it has not met its *prima facie* burden. At a minimum, discovery and a hearing are required. *cf., Hack*, 2015 WL 5139128 at *10.

The simple, yet dispositive point is that the Issuer's indebtedness and Bluestone Coke's obligations under its guarantee cannot be calculated by merely looking at the financial instruments. Significant amounts of extrinsic evidence would be required to prove up these amounts. On that basis alone, this Bluestone Coke requests that Plaintiff's summary judgment motion be denied.

## II. THIS COURT SHOULD DENY UMB'S MOTION BECAUSE BLUESTONE COKE HAS BEEN DENIED THE OPPORTUNITY TO CONDUCT DISCOVERY

In this case, there has been no discovery whatsoever. Accordingly, UMB Bank is asking this Court and Defendants to accept, without evidence beyond a conclusory affidavit, that the Issuer's obligations total $11,225,067.80. That result would deny Defendants the opportunity to assess: how that sum was calculated; whether principal or amortization payments were made; whether the Issuer paid any interest or whether payments in kind were added to the principal balance; the reasonableness of fees and costs added to the Issuer's total obligation; and whether UMB Bank properly deducted $1 million in fees and expenses from the $7 million settlement reached with the Chapter 7 Trustee during the Issuer's bankruptcy.

Bluestone Coke ought to have a fair opportunity to evaluate the documents underlying UMB Bank's claim that the Issuer's total obligation, and by extension the guarantors' liability, is $11,225,067.80. Further, Bluestone Coke ought to have the opportunity to depose witnesses and seek further discovery regarding how that $11,225,067.80 was determined.

"Before granting summary judgment, the non-movant 'must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.'" *Katz v. Adecco USA, Inc.*, 2011 WL 4236670 (S.D.N.Y. 2011) at *1 (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)). "Fed R. Civ. P. 56(f) provides, as interpreted by court opinions, that when a party facing an adversary's motion for summary

judgment reasonably advises the court that it needs discovery to be able to present facts to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion.'" *Katz,* 2011 WL 4236670 at *2, (quoting *Commercial Cleaning Servs. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001)).

Furthermore, last month, in another case in this jurisdiction, a summary judgment motion pursuant to C.P.L.R §3213 was denied without prejudice to allow for additional discovery. There, the defendant "submitted an affidavit in support of his position and made a sufficient showing that he requires discovery in order to develop certain of his defenses." *CIFI Latam, S.A. v. Tauch*, 1:19-cv-05607-LTS-SN (S.D.N.Y., May 27, 2020), attached hereto as **Exhibit 1**.

"The Second Circuit has a well-established four-step requirement that a nonmovant must satisfy in order to gain additional discovery under Rule 56(f): [A] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *American Home Assurance Co. v. Jamaica*, 418 F. Supp. 2d 537, 546 (S.D.N.Y. 2006) (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999)).

The Declaration of Jason Pepe, General Counsel--Litigation for Bluestone Coke, details the facts that are necessary for Bluestone Coke to resist UMB Bank's motion for summary judgment. *See*, Pepe Declaration, at ¶¶ 10-19. Mr. Pepe's Declaration further defines the specific discovery that it seeks. *Id*., at ¶¶ 20-23. This discovery that is sought is narrowly tailored to address the factual gaps in the record, which are identified in his declaration as well.

As more fully set out in Mr. Pepe's Declaration, these factual gaps are not ancillary. Rather, they go to the core issue of the Issuer's obligations, and by extension Bluestone Coke's liability as a guarantor. There is little doubt that the discovery sought will yield genuine issues of material fact regarding UMB Bank's determination that the Issuer's obligations total $11,225,067.80. *Id.*, at ¶¶ 24-28.

As is demonstrated, Bluestone Coke did not sit on its laurels when it was confronted with the dearth of discovery and the inability to properly resist UMB Bank's motion. Rather, it sought informal discovery from those most involved in the operative events underlying UMB's claim— the Clarke Defendants. Yet, the Clarke Defendants did not respond to that overture. And Bluestone Coke searched its records to determine if it possessed any relevant materials that would enable it to stitch together an opposition to UMB's motion for summary judgment. The result of that search was that no materials were found. *Id.,* at ¶¶ 29-37.

## CONCLUSION

Plaintiff's summary judgment motion should be denied. As is demonstrated, *supra*, the fact that Bluestone Coke has been unable to conduct any of the discovery mechanisms which are generally available pursuant to the Federal Rules of Civil Procedure is grounds for the denial of Plaintiff's Motion for Summary Judgment[4].

**THIS AREA OF THE PAGE IS LEFT INTENTIONALLY BLANK**

---

[4] This is not a case where a party has been afforded an opportunity to conduct discovery, and then when faced with a summary judgment motion, it throws its arms in the air and claims it needs more discovery to adequately respond. *See, e.g., American Home Assurance Co.,* 418 F. Supp. At 548 ( (S.D.N.Y. 2006 (observing that Rule 56(f) was not intended to save a party from its own sloth and lack of diligence in conducting discovery). Instead, Bluestone Coke has not been afforded *any* opportunity to conduct discovery.

Accordingly, Bluestone Coke respectfully submits that it would be patently unfair to Bluestone Coke for UMB Bank's Motion for Summary Judgment to be granted, and thus requests that this Court issue an order: (a) denying Plaintiff's Motion for Summary Judgment; (b) setting forth a mechanism by which the parties should enter into a discovery schedule; and (c) providing such other and further relief as this Court deems just and proper.

Dated: New York, New York
      June 9, 2020

**KELLEY JASONS MCGOWAN SPINELLI HANNA & REBER, LLP**

By: */s/ Lee Schneider*
    Christopher Hannan (CH-4482)
    Lee Schneider, Esq. (LS-0911)
    *Attorneys for Defendant,*
    *Bluestone Coke, LLC, f/k/a ERP Compliant Coke, LLC*
    120 Wall Street, 21st Floor
    New York, NY 10005
    Tel: (212) 344-7400

**BLUESTONE COKE, LLC**

By: */s/ Jason Pepe*
    Jason Pepe (admitted *pro hac vice*)
    *Attorneys for Defendant,*
    *Bluestone Coke, LLC, f/k/a ERP Compliant Coke, LLC*
    302 S. Jefferson Street, Suite 300
    Roanoke, Virginia 24011
    Tel: (913) 206-6278