# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

CIFI LATAM, S.A.,

       Plaintiff,

  -v-

KYLE TAUCH,

       Defendant,                                              No. 19 CV 5607-LTS-SN
-------------------------------------------------------x

JOM NICARAGUA, S.A.,

       Third-Party Plaintiff,

  -v-

CIFI LATAM, S.A.,

       Third-Party Defendant.
-------------------------------------------------------x

## MEMORANDUM ORDER

       This action originated in New York state court as a collection action under the terms of a guarantee of a loan that is allegedly in default. Plaintiff CIFI Latam S.A. ("Plaintiff" or "CIFI") commenced this action against Defendant Kyle Tauch ("Defendant" or "Mr. Tauch"), the loan guarantor, by filing a motion for summary judgment in lieu of a complaint in accordance with N.Y. C.P.L.R. § 3213. Defendant removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (See docket entry no. 3.) In response to CIFI's motion for summary judgment (docket entry no. 7), Mr. Tauch has indicated that he intends to assert the substantive defenses of failure of consideration, fraud, economic duress, undue influence, breach of the covenant of good faith and fair dealing, and violations of New York's

usury laws. Mr. Tauch has submitted an affidavit in support of his position and made a sufficient showing that he requires discovery in order to develop certain of his defenses. There has as yet been no discovery in this action and the borrower of the loan at issue, JOM Nicaragua, S.A. ("JOM"), was recently permitted to intervene as a Third-Party Plaintiff. (See docket entry no. 22.) On April 8, 2020, JOM filed a third-party complaint against CIFI as a Third-Party Defendant. (See docket entry no. 24.) CIFI has not yet responded to JOM's third-party complaint.

In light of the nascent procedural posture of this action and Defendant's proffer of potential counterclaims and factual issues going to the validity of Mr. Tauch's obligations under the loan guarantee at issue, CIFI's assertions in its reply in support of its motion for summary judgment that it is entitled to prevail if its version of the facts is accepted is unavailing. (See docket entry no. 19.) Accordingly, Plaintiff's motion for summary judgment is denied without prejudice to renewal after discovery and further development of the case. See Fed. R. Civ. P. 56(d).

The parties are directed to promptly request a conference with Judge Netburn to discuss settlement, discovery, further pleadings and other case management matters.

This memorandum order resolves docket entry no. 7.

SO ORDERED.

Dated: New York, New York
      May 27, 2020

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    United States District Judge