**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UMB BANK, NATIONAL ASSOCIATION, AS TRUSTEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | Case No. 1:20-cv-02043-LJL |
| v. | |
| BLUESTONE COKE, LLC F/K/A ERP COMPLIANT COKE, LLC, THOMAS M. CLARKE, AND ANA M. CLARKE, | |
| Defendants. | |

**UMB BANK, AS TRUSTEE'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

The claim of Plaintiff UMB Bank, national association, as Trustee (the *"Trustee"*) is for a straightforward breach of contract.  The Trustee established each of the elements for this claim in its summary judgment pleadings, and in, response, each of the defendants admit all of those elements: (a) the existence of a valid and enforceable contract; (b) that he, she, or it breached that contract; and (c) that he, she, or it owes some amount of damages as a result.  Accordingly, summary judgment must be entered, as this type of case – where a straightforward legal issue is admitted by all parties – is precisely the reason why summary judgment exists.

While defendants raise the issue of how much each of them respectively owes in judgment, the routine need to calculate and prove-up particular damages is not a bar to summary judgment. It is a standard procedure to which the Trustee does not object and indeed anticipated in its damages demand for "further accruing interest, and attorneys' fees and costs."  Accordingly, discovery is not necessary as to the simple and firmly-established facts of liability for breach of contract, and the defendants' requests for discovery are either wholly improper under Rule 56(d)

(the Clarkes) or concern irrelevant information (Bluestone Coke).  As such, the Motion should be granted.

ARGUMENT

## I.   LIABILITY UNDER THE GUARANTEE AGREEMENT IS UNCONTESTED.

### a.   Defendants Admit the Facts Establishing Liability.

Under Local Rule 56.1(c) "[e]ach numbered paragraph in the statement of material facts . . . will be deemed to be admitted . . . **unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party**." S.D.N.Y. L.R. 56.1(c) (emphasis added); *Kookmin Bank v. B.G. Fashion, Inc.*, No. 99 CIV. 8622 (RLE), 2000 WL 1880315, at *3 (S.D.N.Y. Dec. 28, 2000) ("[T]he defendant's failure to respond to plaintiff's statement of material facts would provide a separate ground for considering the facts therein established.").  Under Local Rule 56.1(d) a defendant's statement controverting a material fact must be accompanied by citation to evidence.  S.D.N.Y. L.R. 56.1(d).  If no evidence is provided, the denial cannot raise a question of material fact under Rule 56.  *Id.*  Thus, responses designed to avoid compliance with Local Rule 56.1 such as that defendants "decline to admit or deny," or that no response is required for allegations that are "legal in nature" do not raise a question of material fact.  Any response other than an explicit contravening denial with corresponding factual citation is an effective admission.  Applying this principle, the facts sustaining liability under the Guarantee Agreement are, as a matter of law, established.

The validity and enforceability of the Indenture and the Guarantee Agreement are admitted. R. 56.1 Statement of Mat. Facts by Bluestone Coke LLC in Opp. To Summ. J. (*"Bluestone SOF"*) ¶¶ 1-4; Defs. Thomas M. Clarke and Ana M. Clarke's Resp. to Pl.'s Statement of Mat. Facts and Statement of Add. Facts Under Local Civ. R. 56.1(b) (*"Clarkes SOF"*) ¶¶ 1-4.  The fact that each defendant guaranteed the full amounts due and owing under the Notes under the Guarantee

2

Agreement is admitted.  Bluestone SOF ¶ 6; Clarkes SOF ¶ 6.  The fact that default occurred under the Indenture and that the full amounts under the Notes were therefore accelerated is admitted. Bluestone SOF ¶¶ 11-12; Clarkes SOF ¶¶ 11-12.  The fact that the predecessor trustee delivered a demand for those accelerated obligations is admitted.  Bluestone SOF ¶ 17; Clarkes SOF ¶ 17. Finally, the fact that the Guarantee Agreement imposes liability for "all costs and expenses, including reasonable attorneys' fees and expenses" is admitted.  Bluestone SOF ¶ 18; Clarkes SOF ¶ 18.  The fact that the Trustee and its predecessor performed their duties under the Guarantee Agreement is admitted.  Clarkes SOF ¶ 25 (denial unaccompanied by citation to any evidence); Bluestone SOF ¶ 25 (improper refusal to admit or deny).  Taken together then, each defendant admits each of the necessary elements for liability under breach of contract, either by explicitly admitting, failing to point to contravening evidence, or failing to justify a purported need for discovery.  *Arakelian v. Omnicare, Inc.*, 735 F. Supp. 2d 22, 30 (S.D.N.Y. 2010).

  **b.**  **No Discovery Is Needed for Facts Establishing Liability.**

  All three defendants excuse their failure to offer specific factual rebuttals because, they allege, discovery is needed under Rule 56(d).  But two of those defendants, the Clarke Defendants, failed to comply with Rule 56(d)'s threshold requirement to address, through sworn affidavit, the specific need for and efforts to obtain that discovery, thus waiving that argument and effectively admitting judgment.

  **(i)**  **The Clarke Defendants Failed to Satisfy Rule 56(d).**

  The affidavit required under Rule 56(d) must describe: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful."  *Gene Codes Forensics, Inc. v. City of New York*, 812 F. Supp. 2d 295, 304 (S.D.N.Y. 2011).  The Declaration of Thomas M. Clarke does not address these topics whatsoever.

*See* ECF No. 36.  Thus, at a minimum, summary judgment must be entered against the Clarke Defendants as they have failed to rebut any of the material facts supporting summary judgment and failed to satisfy Rule 56(d).  *See FTC v. Moses*, 913 F.3d 297, 306 (2d Cir. 2019) (finding nonmovant waived arguments as to insufficiency of discovery under Rule 56(d) by failing to file "an affidavit explaining why such discovery is necessary.").

### (ii)   Bluestone Coke Seeks Discovery on Facts that Are Either Conclusively Established or Irrelevant.

In considering Bluestone Coke's request under Rule 56(d) the question before the Court is this:  "if permitted to proceed with discovery, can [Bluestone Coke] uncover material that would create a material issue of fact [as to liability]?"  *Capital One, Nat'l Ass'n v. Halland Companies, LLC*, No. CV 15-5664(SJF)(GRB), 2017 WL 9485645, at *6 (E.D.N.Y. June 5, 2017).  In this case, the answer is plainly "no," because the sworn testimony, documentary evidence, and admissions already establish those facts beyond question.  Moreover, with regard to the Redemption Failure Notice, Bluestone Coke seeks discovery on a completely irrelevant issue.

As to material facts establishing liability, Bluestone Coke contends discovery is needed on the following facts:  (1) that the Notes were issued; (2) that the predecessor trustee did not receive a Redemption Failure Notice; and (3) that the predecessor trustee was empowered to collect payment.  Bluestone SOF ¶¶ 2; 14; 16.[1]

The Gendler affidavit establishes that the Notes were issued both through sworn testimony and copies of the executed Notes themselves.  Gendler Aff. ¶ 3; Ex. B.  Moreover, the Clarke Defendants admit this fact.  Clarkes SOF ¶ 2.  It is not clear whether Bluestone Coke actually disputes the very existence of this debt, but it is worth pointing out that doing so would be an enormous farce.  This debt and the Notes underlying it were disclosed on bankruptcy schedules in

---

[1]     Bluestone Coke alleges discovery is needed on other facts concerning damages, which are addressed in Section II *infra*.

the Bankruptcy Case filed by the issuer itself, ERP Iron Ore, and were the subject of a settlement agreement to which neither the Clarke Defendants nor Bluestone Coke's predecessor-in-interest objected.  If there were *actual* reason to doubt that the Notes were issued, that would surely come as a shock to Judge Fisher and the Chapter 7 Trustee who oversaw and approved of a payment exceeding $7 million to the predecessor trustee.  Trustee Statement of Material Facts (*"Trustee SOF"*) ¶¶ 10; 20-23.  The existence of the debt and these Notes as valid and enforceable obligations is conclusively established, regardless of what Bluestone Coke feels it should cageily admit or deny on a Rule 56.1 statement response.

Simiarly, Mr. Gendler's sworn statement establishes that the predecessor trustee never received a Redemption Failure Notice, which is a document necessary to trigger a Standstill Period under the Indenture. Gendler Aff. ¶ 11; Bluestone SOF ¶ 15.  Bluestone Coke offers no reason to mistrust Mr. Gendler's sworn testimony.  More importantly, discussion of any Standstill Periods are, at this point, moot.  Under the Indenture, the Standstill Period provides a window in which the Trustee may not pursue collection following acceleration of the Notes.  Gendler Aff. Ex. A at 6.02.  The First Standstill Period is automatic upon the acceleration of the Notes.  Id.  If the Trustee receives a timely Redemption Failure Notice during that First Standstill Period, then a Second Standstill Period follows. Id. at 6.02(b)(2).  As Mr. Gendler explains in his affidavit, the Trustee never received such notice, but even if it had, the Second Standstill Period would have expired in July 2019.  Thus, even if discovery revealed the receipt of a Redemption Failure Notice, it would have no legal effect on the Trustee's power to pursue payment when it filed this lawsuit.  Accordingly, there is absolutely no need for discovery on any of these facts as:  (1) they are already conclusively established through sworn testimony, documentary proof, and admissions by co-defendants; and (2) even if discovery proceeded on the Redemption Failure Notice, such fact is immaterial to the underlying breach or the Trustee's powers to pursue payment now.

A fact may be established by evidence submitted to the Court regardless of whether the party resisting summary judgment admits or denies that fact.  Bluestone Coke may be unwilling to admit that the Notes were issued despite copies of the executed Notes (Gendler Aff. Ex. B), despite the Clarke Defendants' admission that the Notes were issued (Clarkes SOF ¶ 2), and despite the fact that a Chapter 7 Trustee consented to a $7 million payment on this debt (Gendler Aff. ¶¶ 10; 20-21), but that does not prevent the Court from considering that fact established.  In sum, no discovery is needed on any of the facts concerning Bluestone Coke's liability as those facts are supported by robust evidence none of which Bluestone Coke calls into doubt.

## II.    THE NEED FOR FINAL DAMAGES PROVE-UP IS NOT A BAR TO SUMMARY JUDGMENT.

As discussed above, the fact that Bluestone Coke and the Clarke Defendants are liable for damages is admitted for the purpose of a summary judgment motion.  Defendants focus their arguments almost entirely on the need for specific calculation of damages that they admit they owe.  However, it is well-established that final damage calculations, particularly for attorneys' fees and accrued interest, are not bars to summary judgment.  *See, e.g., La Framboise Well Drilling, Inc. v. R.J. Dooley & Assocs., Inc.*, No. 05CIV.956 (SHS)(MHD), 2007 WL 430285, at *5 (S.D.N.Y. Feb. 7, 2007) (entering summary judgment and stating that "[t]he calculation of the amount of interest that has accrued will be performed when a final judgment is to be entered."); *Int'l Bus. Machines Corp. v. United Microelectronics Corp.,* No. 16CV5270, 2017 WL 3972515, at *1 (S.D.N.Y. Sept. 7, 2017), *aff'd in part, vacated in part*, *remanded*, 764 F. App'x 9 (2d Cir. 2019) (agreeing with a litigant that "the calculation of interest . . .has no bearing on [the] "case for summary judgment on liability or the principal amount of [the] claim"); *Krumme v. W. Point-Pepperell, Inc.*, 22 F. Supp. 2d 177, 179 (S.D.N.Y. 1998), *rev'd on other grounds Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133 (2d Cir. 2000) (calling for calculation of final damages after entering summary judgment).

Nor does the need for a final calculation of interest and fees put this matter outside New York CPLR § 3213, as Bluestone Coke contends.  As New York courts have explained "[a] guaranty may be the proper subject of a motion for summary judgment in lieu of complaint whether or not it recites a sum certain, and the need to consult the underlying documents to establish the amount of liability does not affect the availability of CPLR 3213." *Bank of Am., N.A. v. Solow,* 19 Misc. 3d 1123(A), 862 N.Y.S.2d 812 (Sup. Ct. 2008).  Thus, New York courts have held that "an instrument is not rendered ineligible for CPLR § 3213 treatment merely because it does not cite a sum certain on its face." *See Persichilli v. Metro. Paper Recycling Inc.,* 30 Misc.3d 1227(A), 2010 N.Y. Slip Op. 52381(U), 2010 WL 5834870, slip op. at 2 (Sup.Ct. Nov. 30, 2010); *see also Allied Irish Banks, PLC v. Young Men's Christian Ass'n of Greenwich,* 36 Misc. 3d 216, 221, 944 N.Y.S.2d 828, 832 (Sup. Ct. 2012) (holding that an interest rate swap agreement was not disqualified as an instrument for payment of money only because of the lack of a predetermined sum owed on its face).

In fact, the Trustee's motion contemplates these calculations when it requests "the the balance owed under the Indenture, Notes, and Guarantee Agreement . . . plus further accruing interest and all other further attorneys' fees and costs . . . until Plaintiff receives the full amount owed under the Notes, Indenture, and Guarantee Agreement."  *See* Pl.'s Mem. of Law in Supp. of Summ. J. ECF No. 1-4 p. 80.  The Gendler Affidavit provides support for the balance owed on those instruments as of February 5, 2020 as well as further accruing damages, but it is plain that further prove-up would be required prior to final judgment as both interests and costs have accrued since February 5, 2020.  Similarly, the Trustee acknowledges, and specifically stated in its statement of material facts, that Ana M. Clarke's liability is contractually limited.  Trustee SOF ¶ 7; Gendler Aff. Ex. D at Schedule 2.  The parties all agree on a need to perform final damages

calculations, which means there is no question of material fact for a jury to decide.  The motion should be granted.

CONCLUSION

For the foregoing reasons, and for those stated in its motion, summary judgment should be granted against defendants Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC, Thomas M. Clarke, and Ana M. Clarke and in favor of UMB Bank, National Association, as Trustee.

Respectfully Submitted,

 /s/ Joseph P. Lombardo

Michael Friedman
Joseph P. Lombardo
CHAPMAN AND CUTLER LLP
*Counsel for Plaintiff UMB Bank, national association, as Trustee*
1270 Avenue of the Americas
New York, NY 10020
(212) 655-6000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 30, 2020 a copy of foregoing **UMB BANK, AS TRUSTEE'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was filed through the Courts ECF system and will be sent electronically to the registered participants. Interested parties may access this filing through the Court's system.

By   s/ Joseph P. Lombardo
         Joseph P. Lombardo