USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
UMB BANK, N.A.,                                                    :
:
                            Plaintiff,                                     :
:    20-cv-2043 (LJL)
       -v-                                                         :
:    OPINION AND ORDER
BLUESTONE COKE, LLC, et al.,                                       :
:
                         Defendants.                                    :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff UMB Bank, National Association as Trustee ("UMB Bank" or "Plaintiff"), moves for summary judgment against Defendants Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC ("Bluestone Coke"), Thomas Matthew Clarke ("Thomas Clarke"), and Ana Mercedes Clarke ("Ana Clarke"). The motion is granted as to liability.

## BACKGROUND

        The following facts are drawn from Plaintiff's 56.1 statement. They are either undisputed or not properly disputed through a conforming counter Rule 56.1, and are therefore are treated as undisputed for purposes of this motion.

        On January 30, 2017, a company named ERP Iron Ore, LLC entered into a Floating Rate Senior Secured Amortizing PIK Toggle Notes Indenture, dated January 30, 2017 (the "Indenture") with Wilmington Savings Fund Society, FSB ("WSFS"). At the time, WSFS served as Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Indenture. Dkt. No. 37 at 1. The Indenture issued certain Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 in the aggregate principal amount of

$22,500,000 (the "Notes"). Dkt. No. 33-1 at 2. The Notes are governed by the terms and conditions of the Indenture, including, but not limited to, the default provisions applicable upon default under the Notes. Dkt. No. 37 at 2.

Concurrently with the Indenture, Defendants Thomas Clarke and Ana Clarke executed a Guarantee Agreement (the "Guarantee Agreement"). Dkt. No. 33-1 at 2; Dkt. No. 33-2 at 51-75. The Guarantee Agreement was executed pursuant to and subject to the Indenture, which also provided for a guarantee of these obligations by Defendant Bluestone Coke. Dkt. No. 33-1 at 81. Thus, each of Thomas Clarke, Ana Clarke, and Bluestone Coke are Guarantors. Under the Guarantee Agreement, each of the Guarantors promised to "jointly and severally, irrevocably and unconditionally guarantee[] on a senior unsecured basis to each Holder and to the Trustee . . . that the principal, premium, if any, and interest on the Notes shall be promptly paid in full when due." Dkt. No. 33-2 at 57. The parties agreed that Ana Clarke was a "Limited Guarantor" and that her guarantee was limited to the value of her interest in the "Guarantee Shares" as of the date of the Guarantee Agreement. *Id*. at 59. The "Guarantee Shares" include Ana Clarke's percent ownership in each of Seneca Coal Resources, LLC, Seminole Coal Resources, LLC and Conuma Coal Resources Limited (the "Capital Stock"). *Id*. at 55.

Additionally, under the Guarantee Agreement, each Defendant waived "diligence, presentment, demand" and "any right to require a proceeding first against the Issuer, protest, notice, and all demands whatsoever." *Id*. at 56. Each Defendant agreed to guarantee, jointly and severally, "all costs and expenses (including reasonable attorneys' fees and expenses) incurred by the Trustee, the Collateral Agent, or any Holder in enforcing any rights under [the Guarantee Agreement] or the Indenture." *Id*. at 56-57 (Thomas and Ana Clarke); Dkt. No. 33-1 at 81 (Bluestone).

On May 25, 2018, certain creditors filed an involuntary petition under 11 U.S.C. § 303(a) of the United States Bankruptcy Code against ERP Iron Ore, LLC, commencing a bankruptcy case in the District of Minnesota styled *In re ERP Iron Ore, LLC*, No. 18-50378 (Bankr. D. Minn.) (the "Bankruptcy Case"). Dkt. No. 33-1 at 3-4. On July 17, 2018, an Event of Default occurred pursuant to Section 6.01(a)(9)(i)(B) of the Indenture when ERP Iron Ore, LLC consented to an order for relief in the Bankruptcy Case. *Id.* at 4. On that same day, all principal and accrued and unpaid interest on the Notes were accelerated and became immediately due and payable under Section 6.02(a)(2) of the Indenture. *Id.*

On June 7, 2019, WSFS delivered a written demand to Defendants seeking collection of all Issuer Obligations that, at the time, totaled no less than $15,207,026.34, consisting of principal, interest, and costs and expenses up to and including May 31, 2019. *Id.*; Dkt. No. 33-2 at 77-79. Even after delivery of the written demand, none of the Defendants made payment under either the Indenture or the Guarantee Agreement. Dkt. No. 33-1 at 5.

On October 24, 2019, WSFS, as indenture trustee for the Notes, entered into a settlement with the Chapter 7 Trustee, Nauni Manty, appointed in the Bankruptcy Case. *Id.* Pursuant to that settlement, the Chapter 7 Trustee agreed to disburse $7,075,942.33. *Id.*; Dkt. No. 33-2 at 81-90 (copy of the Settlement Agreement). None of the Defendants objected to or disputed the settlement payment from the Chapter 7 Trustee. *See Progress Rail Leasing Corp. v. White Cnty., Ind.*, No. 18-05034 (Bankr. D. Minn.) (the adversary case).

On November 29, 2019, WSFS was removed and Plaintiff was appointed as successor Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Indenture and other related documents, and Plaintiff accepted such appointment. Dkt. No. 33-1 at 4; Dkt. No. 33-2 at 24-27 (copy of the Instrument of Removal, Appointment and Acceptance).

## PROCEDURAL HISTORY

UMB Bank commenced this action in New York State Supreme Court on February 6, 2020 by filing a Motion For Summary Judgment In Lieu of Complaint Under C.P.L.R. § 3213 (the "Motion").[1]  On March 6, 2020, Bluestone Coke removed the Motion to this Court.  Dkt. No. 1.  On March 31, 2020, this Court ordered UMB Bank to advise " (1) whether it elects to have the Court consider the Motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 in addition to it being treated as a complaint; and (2) if so, whether it elects to have the Gendler Affidavit treated as its Rule 56.1 statement."  Dkt. No. 28.  On April 2, 2020, UMB Bank notified this Court that it opted to have the Motion treated as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure, and that it would be filing a Rule 56.1 Statement of Material Facts.  Dkt. No. 29.  On April 23, 2020, UMB Bank filed its Rule 56.1 statement along with the affidavit of Gordon Gendler ("Gendler").  Dkt. No. 33.  On June 8, 2020, Defendants Thomas Clarke and Ana Clarke filed a memorandum of law in opposition to the motion along with a supporting affidavit and declaration.  Dkt. Nos. 36, 37, 38.  On June 9, 2020, Bluestone Coke filed its own memorandum of law in opposition to summary judgment.  Dkt. No. 40.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An

---

[1] N.Y. C.P.L.R. § 3213 permits a plaintiff in New York state court, when suing "upon an instrument for the payment of money only" to serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."  N.Y. C.P.L.R. § 3213.

4

issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008), and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). To defeat a motion for summary judgment, the non-moving party must demonstrate more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal

5

citation omitted).  "Mere conjecture or surmise by the nonmovant in support of his or her case is inadequate." *Am. Home Assurance Co. v. Jamaica*, 418 F. Supp. 2d 537, 546 (S.D.N.Y. 2006).

Local Rule 56.1 of the Local Rules for the Southern District prescribes the manner and method in which a party is to present undisputed issues of fact to the Court.  The moving party must annex to its notice of motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Rule 56.1(a).  The party opposing the motion for summary judgment is required to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party."  Local Rule 56.1(b).  The statements "must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."  Local Rule 56.1(d).  Moreover, the consequences of failure to follow these rules can be severe.  "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  Local Rule 56.1(c).

Thus, a Rule 56.1 statement "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001).  If portions of a Rule 56.1 counterstatement cite to no admissible evidence in support of its denials, the Court is instructed to disregard those portions and deem the factual statements in the original Rule 56.1 statements admitted.  *See, e.g.*, *Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 974 F. Supp. 2d 240, 243 (S.D.N.Y. 2013) (holding that denials that are not supported by citations to admissible record evidence are to be disregarded).  Because Defendants in certain instances fail to cite to any record evidence for their denials, the Court accepts

6

Plaintiff's characterization of those facts in its 56.1 statement as undisputed. *See Colton v. N.Y. Div. of State Pol.*, 2017 WL 5508911, at *2 (N.D.N.Y. Feb. 8, 2017) ("The failure to properly controvert a supported statement of fact by pointing to admissible evidence contravening the movant's evidence results in the movant's statement being deemed admitted."); *Knight v. N.Y.C. Hous. Auth.*, 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007) ("Pursuant to Local Civil Rule 56.1 Defendant's statements are deemed to be admitted where Plaintiff has failed to specifically controvert them with citations to the record.").

## DISCUSSION

In an action against a guarantor, a plaintiff must show: (1) the existence of the guaranty; (2) the underlying debt; and (3) the guarantor's failure to perform under the guaranty. *ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, 2015 WL 5710947, at *2 (S.D.N.Y. Sept. 29, 2015) (citing *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 36 N.E.3d 80, 84 (N.Y. 2015)). "The burden then shifts to the defendant to raise a triable issue of fact in the form of a bona fide defense against the note." *Id.*; *see also Torin Assocs., Inc. v. Perez*, 2016 WL 6662271, at *4 (S.D.N.Y. Nov. 10, 2016) ("Plaintiff's *prima facie* case upon an unconditional guarantee requires proof of the 'existence of the guaranty, the underlying debt[,] and the guarantor's failure to perform under the guaranty.'") (quoting *Navarro*, 36 N.E.3d at 84). "To prevail on its motion for summary judgment, Plaintiff must demonstrate that there are no genuine disputes surrounding any of the facts that are material to these three requirements." *Torin Assocs.*, 2016 WL 6662271, at *4. Where, as here, a guaranty provides that it is "'absolute and unconditional irrespective of . . . any lack of validity or enforceability of the agreement . . . or . . . any other circumstance which might otherwise constitute a defense,' the guarantor is precluded from asserting a defense as to the 'existence of a valid underlying debt.'" *136 Field Point Circle Holding Co., LLC v. Invar Int'l Holding, Inc.*, 644 F. App'x. 10, 12 (2d Cir. 2016) (quoting

7

*Navarro*, 36 N.E.3d at 84). Such language "forecloses 'affirmative defenses and counterclaims,'" *id.* (quoting *Citibank, N.A. v. Plapinger*, 485 N.E.2d 974, 975 (N.Y. 1985)), which is why these provisions are "colloquially called ironclad," *ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, 2016 WL 5386293, at *1 (2d Cir. Sept. 26, 2016).

Plaintiff is entitled to summary judgment. There is no genuine issue of fact as to any of the three elements it needs to establish its cause of action. It is undisputed that a guaranty exists and that it is binding on Defendants. Defendants do not contest the existence of the Guarantee Agreement. Dkt. No. 39-8 ¶¶ 4-5. Bluestone Coke argues, instead, that "the amounts allegedly due under the guarantees cannot be determined by merely examining the Indenture, Notes, and Guarantees." Dkt. No. 40 at 12. Similarly, Thomas Clarke and Ana Clarke do not contest that the guaranty exists and is binding, limiting their argument instead to the question of "the extent of the liability of Defendant Ana Clarke." Dkt. No. 38 at 8.

There is no genuine issue of material fact that an underlying debt exists that was guaranteed. The Trustee has submitted evidence that the Issuer issued $22,500,000 in Notes and that principal and interest amounts are outstanding on the notes. Dkt. No. 39-8 ¶ 2. It also has offered uncontroverted evidence that the Issuer's obligations have been accelerated as a result of the Event of Default and that the Issuer—who is in bankruptcy—has not been able to satisfy the full amount due and owing. *Id*. ¶¶ 11-16. Finally, it is not disputed that each Guarantor failed to perform its obligation sunder the Guarantee. *Id*. ¶ 24. The Trustee made a demand on June 7, 2019 "seeking collection of all Issuer Obligations . . . consisting of principal and interest and costs and expenses up to and including May 31, 2019," *id*. ¶ 17, and that obligation has not been satisfied and remains outstanding. *Id*. ¶¶ 18, 24.

In response, Bluestone Coke asserts that there are three genuine issues of material fact

that prevent summary judgment. First, it argues that it cannot admit or deny that ERP Iron Ore issued $22,500,000 in Notes, because the Guarantee Agreement states only that "the Issuer has duly authorized the creation and issuance of $22,500,000 [in Notes]" and because UMB Bank has not produced the actual Notes, instead presenting the Court with a copy. Dkt. No. 40 at 6-7. Second, it argues that discovery is needed on the question of whether the Trustee received "a Redemption Failure Notice within ten (10) days following the expiration of the First Standstill period." *Id.* at 7. If the Trustee received the notice, it argues, then Bluestone Coke would have been entitled to an additional 180-day Standstill Period. *Id.* Finally, Bluestone Coke argues that discovery is needed on a variety of issues related to the amount it owes on the Guarantee Agreement, including the total amount of all Issuer Obligations, the reasonableness of the $7,075,942.22 settlement between the Trustee and the Chapter 7 Trustee, whether the Trustee was entitled to keep $1,006,139.02 in fees and expenses, and whether the remaining $6,069,803.31 was distributed to Note holders. *Id.* at 7-9.

     None of these assertions is sufficient to forestall summary judgment on liability in favor of Plaintiff. First, Bluestone Coke offers no reason to believe that it needs discovery into whether the Notes actually were issued. Indeed, at the oral argument held on November 13, 2020, Defendants conceded that the Notes were issued and outstanding and that additional discovery was not necessary on this point. The Gendler affidavit establishes that the Notes were issued by attaching sworn testimony and copies of the executed Notes themselves. Dkt. No. 33-1. The debt and the Notes underlying it were disclosed on bankruptcy schedules in the bankruptcy case filed by the Issuer itself and were the subject of a settlement whereby the Issuer paid $7 million to the Noteholders in satisfaction of a portion of the debt due and owing created by the Notes. Dkt. No. 33-2 at 81-90. There is no basis even for speculation as to what might be

discovered on this point. *See Livingston v. Kelly*, 423 F. App'x 37, 43 (2d Cir. 2011) (holding that requests for discovery may be denied when they are "based only on speculation as to what might be discovered").

Second, although Bluestone Coke offers no reason to question Gendler's sworn statement that the predecessor trustee never received a Redemption Failure Notice, there would still be no genuine issue of material fact even if there were a question about the receipt of that Notice. Under the Indenture, the Standstill Period provides a window in which the Trustee may not pursue collection following acceleration of the Notes. Dkt. No. 33-1 at 55. The First Standstill Period is triggered automatically upon the acceleration of the Notes. *Id*. If the Trustee receives a timely Redemption Failure Notice during the First Standstill Period, then a Second Standstill Period follows. *Id*. at 56. The Second Standstill Period would have expired in July 2019. However, this lawsuit was filed on February 5, 2020, and it is undisputed that demand has been made on the Guarantee Agreement and that no payments have been made by Defendants. Accordingly, whether or not a Redemption Failure Notice was received is a moot point and not sufficient to create a genuine issue of fact. Defendants are liable under the Guarantee Agreement and have done nothing to satisfy that liability.

Finally, each Defendant raises questions regarding the extent of its liability. Ana Clarke points out that her liability is capped by the value of her interest in the Guarantee Shares and that the value of the Guarantee Shares has not been determined. Dkt. No. 38 at 1. Bluestone Coke asserts that "UMB Bank has not furnished this court with any accounting or calculations that could establish a foundation for Plaintiff's assertion that the Issuer's obligations total $11,225,067.50" and that discovery could reveal that Bluestone Coke owes less money. Dkt. No. 40 at 9. But the need to establish the final damages calculations is not a bar to summary

judgment.  *See, e.g.*, *Int'l Bus. Machs. Corp. v. United Microelectronics Corp.*, 2017 WL 3972515, at *1 (S.D.N.Y. Sept. 7, 2017); *La Framboise Well Drilling, Inc. v. R.J. Dolley & Assocs., Inc.*, 2007 WL 430285, at *5 (S.D.N.Y. Feb. 7, 2007); *Krumme v. W. Point-Pepperell, Inc.*, 22 F. Supp. 2d 177, 179 (S.D.N.Y. 1998).  Indeed, under state procedural law, "[a] guaranty may be the proper subject of a motion for summary judgment in lieu of complaint whether or not it recites a sum certain, and the need to consult the underlying documents to establish the amount of liability does not affect the availability of CPLR 3213."  *Bank of Am. v. Solow*, 2008 WL 1821877, at *4 (N.Y. Sup. Ct. Apr. 17, 2008).  Of course, this motion is governed by Federal Rule of Civil Procedure 56 and not by the C.P.L.R.  But Defendants offer no reason why Plaintiff should not have any lesser entitlement to a judgment establishing Defendants' liability because this case has been removed than they would have had under state law.

## CONCLUSION

For the reasons stated, Plaintiff's motion for summary judgment is GRANTED and liability is established on the part of each Defendant.

The parties are directed to appear for a telephonic status and case management conference on December 21, 2020 at 3:00 p.m.  The parties are directed to call (888) 251-2909 and use access code 2123101.  The parties are directed to submit a revised joint Case Management Plan to take the case to its conclusion by December 18, 2020 at 5:00 p.m.

SO ORDERED.

Dated: November 16, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge

11