**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UMB BANK, NATIONAL ASSOCIATION, AS TRUSTEE, | ) ) ) ) |
|  | Case No. 1:20-cv-02043-LJL |
| Plaintiff, | ) ) ) |
| v. | ) |
| BLUESTONE COKE, LLC F/K/A ERP COMPLIANT COKE, LLC, THOMAS M. CLARKE, AND ANA M. CLARKE, | ) ) ) ) |
| Defendants. | ) ) |

**UMB BANK'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS DAMAGES PROVE UP SUMMARY JUDGMENT MOTION**

Michael Friedman
Joseph P. Lombardo
CHAPMAN AND CUTLER LLP
*Counsel for Plaintiff UMB Bank, national association, as Trustee*
1270 Avenue of the Americas
New York, NY 10020
(212) 655-6000

TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

STATEMENT OF MATERIAL FACTS NOT IN DISPUTE ...................................................................1

    I.    THE AMOUNTS DUE AND OWING UNDER THE NOTES, INDENTURE, AND GUARANTEE AGREEMENT ................................................................................2

    II.    MRS. CLARKE AGREED TO GUARANTEE AT LEAST $50 MILLION IN LIABILITY ........................................................................................................4

    III.    PROGRESS OF THIS MATTER SINCE ENTRY OF SUMMARY JUDGMENT ON LIABILITY ........................................................................................................5

LEGAL STANDARD ...................................................................................................................5

ARGUMENT ..............................................................................................................................6

    I.    THERE IS NO QUESTION OF MATERIAL FACT AS TO DAMAGES ........................6

CONCLUSION............................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................. 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................................. 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ...................................... 6

**Rules**

Fed. R. Civ. P. 56 ..................................................................................................................... 5, 6

## INTRODUCTION

Plaintiff UMB Bank, National Association, as Trustee (the *"Trustee"*) filed two straightforward breach of contract claims against Defendants Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC (*"Bluestone"*), Thomas M. Clarke (*"Mr. Clarke"*), and Ana M. Clarke (*"Mrs. Clarke"*) for joint and several liability following default under that certain: (1) Floating Rate Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 in the aggregate principal amount of $22,500,000 (the *"Notes"*); (2) Floating Rate Senior Secured Amortizing PIK Toggle Notes Indenture, dated as of January 11, 2017 (the *"Indenture"*) in which Bluestone guaranteed the Notes; and (3) Guarantee Agreement (the *"Guarantee Agreement"*) executed by Mr. and Mrs. Clarke in which they too guaranteed the Notes.

On November 16, 2020, this Court entered summary judgment against all defendants as to contractual liability under the Notes, Indenture, and Guarantee Agreement.  See Opinion and Order [ECF No. 46] (the "Summary Judgment Order").  The Summary Judgment Order left the calculation of damages as the sole remaining issue before the Court.  By its Damages Prove-Up Summary Judgment Motion, Trustee now submits to the Court that there is no question of material fact concerning damages under the contracts at issue and seeks the entry of a final money judgment against Bluestone, Mr. Clarke, and Mrs. Clarke in the amount of $12,706,177.10 plus accrued and after accruing fees and costs.

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

A full recitation of the background facts as to this matter is detailed in the Trustee's first Motion for Summary Judgment briefing and supporting exhibits and statement of facts. *See* ECF Nos. 1-1 through 1–9; 33.[1]  Herein, and in the separately filed Damages Prove Up Statement of

---

[1] Trustee's Motion for Summary Judgment in Lieu of Complaint under CPLR 3213 originally filed in the Supreme Court of the State of New York, New York County was later deemed a Rule 56 Motion for Summary Judgment following removal of this case by Defendants.  *See* ECF Nos. 29–30.

Material Facts (*"SOF"*), the Trustee will simply describe the facts underlying the amounts due and owing under the Notes, *i.e.*, the damages under its breach of contract claims.

**I.     THE AMOUNTS DUE AND OWING UNDER THE NOTES, INDENTURE, AND GUARANTEE AGREEMENT**

Originally, Wilmington Savings Fund Society, FSB (*"WSFS"*) served as Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Indenture. SOF ¶ 1. On May 25, 2018, certain creditors filed an involuntary petition under 11 U.S.C. § 303(a) of the U.S. Bankruptcy Code against ERP Iron Ore, LLC (the issuer of the Notes) (*"ERP Iron"*), commencing a bankruptcy case in the U.S. Bankruptcy Court for the District of Minnesota styled as In re ERP Iron Ore, LLC, Case No. 18-50378 (the *"Bankruptcy Case"*). SOF ¶ 2. On July 17, 2018, an Event of Default under the Indenture occurred pursuant to Section 6.01(a)(9)(i)(B) of the Indenture when ERP Iron consented to an order for relief in the Bankruptcy Case. SOF ¶ 3. On that same day, all principal and accrued and unpaid interest on the Notes was accelerated and became immediately due and payable under Section 6.02(a)(2) of the Indenture. SOF ¶ 4.

Pursuant to Section 2.1 of the Guarantee Agreement and Sections 6.08, 6.13, 7.07, and 11.01(a) of the Indenture, each defendant is responsible for the payment of all principal, interest, and all other Obligations (as defined in the Indenture) and Issuer Obligations (as defined in the Guarantee Agreement), which includes Trustee and Noteholder fees and costs, as well as prepayment of those fees and costs. SOF ¶ 5.

On June 7, 2019, WSFS delivered a written demand to Defendants seeking collection of all Issuer Obligations that, at the time, totaled no less than $15,207,026.34, consisting of principal, interest, and costs and expenses up to and including May 31, 2019. SOF ¶ 6. As of November 6, 2019, $14,838,963 in principal and $1,814,702.07 in accrued but unpaid interest was due and owing, along with fees and costs incurred by the trustee and its counsel and agents.

SOF ¶ 7.  On that date, the Chapter 7 Trustee in the Bankruptcy Case wired $7,075,942.33 to WSFS per the terms of a settlement agreement.  SOF ¶ 8.  At that time, WSFS held a balance of $7,172,611.82 which included the settlement funds plus $96,669.49 from a final interest payment.  SOF ¶ 9.  On November 12, 2019, WSFS distributed $6,069,803.31 to the Depository Trust Company ("*DTC*") for the benefit of the Noteholders.  Of that amount WSFS applied, per the Indenture and Notes, $1,102,808.51 to WSFS' accrued but unpaid fees and costs, applied $4,255,101.24 to principal, and applied $1,814,702.07 to accrued but unpaid interest.  SOF ¶¶ 10–11.

On November 29, 2019, WSFS was removed and the Plaintiff was appointed as successor Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Indenture and other related documents, and Plaintiff accepted such appointment, effective January 13, 2020.  SOF ¶ 12.  Upon its acceptance of the transfer in January, the Trustee showed due and owing of $10,583,861.76 in principal, plus unpaid fees and costs incurred by the Noteholders in the amount of $372,650.66.  SOF ¶¶ 13–14.

Thereafter, interest continued (and has continued) to accrue at the default rate pursuant to Section 2.12(a) of the Indenture.  Trustee tracked the principal, interest, and other amounts due-and-owing in its internal system, a Microsoft Excel spreadsheet that Trustee has used for many years and found to be reliable and correct in its calculation.  SOF ¶ 15.  According to that reliable system of calculation, as of May 25, 2021, a total of $10,583,861.76 in principal and $1,749,665.34 in interest is now due under the Notes, Indenture, and Guarantee Agreement. SOF ¶ 16.  Prior to the settlement payment and transfer to the successor Trustee Noteholders incurred $372,650.66 in fees and costs to which they are entitled to payment under Section 2.1(c) of the Guarantee and Sections 6.13 and 7.07(b) of the Indenture.  SOF ¶ 17.

Accordingly, as of May 25, 2021, the total amount due and owing under the Notes, Indenture, and Guarantee Agreement is $12,706,177.10, comprised of $10,583,861.76 in principal, $1,749,665.34 in interest, and $372,650.00 in Noteholder accrued but unpaid fees and costs. SOF ¶ 19.

## II. MRS. CLARKE AGREED TO GUARANTEE AT LEAST $50 MILLION IN LIABILITY

In the Guarantee Agreement Mrs. Clarke's guaranty is limited to the value of her interest in the "Guarantee Shares" as of the date of the Guarantee Agreement. SOF ¶ 20. The "Guarantee Shares" are defined as Mrs. Clarke's 38.5 percent ownership in each of Seneca Coal Resources, LLC, Seminole Coal Resources, LLC and Conuma Coal Resources Limited (the "Capital Stock"). SOF ¶ 21.

On January 30, 2017, shortly after the execution of the Indenture and the Guarantee Agreement, Mrs. Clarke and Mr. Clarke delivered a Certificate Regarding Value of the Guarantee Shares (the "Guarantee Certificate") to WSFS, the trustee at the time. SOF ¶ 22. The Guarantee Certificate, executed by both Mr. and Mrs. Clarke, stated that the value of the Capital Stock "significantly exceeds $50.0 million and the aggregate principal amount of Notes issued under the Indenture on the date on which such Indenture was executed." SOF ¶ 23. Additionally, in the Guarantee Agreement, Mrs. Clarke and Mr. Clarke made an affirmative representation stating that:

> Each of the Guarantors party hereto has executed and delivered a certificate to the Trustee, on behalf of the Holders of the Notes certifying that as of the date hereof the value of the Guarantee Shares significantly exceeds the aggregate principal amount of Notes issued under the Indenture on the date on which such Indenture was executed."

SOF ¶ 24. Accordingly, the Guarantee Agreement and the Guarantee Certificate establish that Mrs. Clarke intended to guarantee at least $50 million in liability and in fact agreed to do so.

### III.  PROGRESS OF THIS MATTER SINCE ENTRY OF SUMMARY JUDGMENT ON LIABILITY

Following the entry of the Summary Judgment Order, and at Defendants' request, the Court opened discovery on the issue of damages and additionally referred the parties to mediation.  See Summary Judgment Order; Mediation Referral Order [ECF No. 49].2

On December 16, 2020, the Trustee issued a document production to defendants listing current amounts due and owing under the Notes as well as attorneys' fees invoices related to the overall damages calculation under the Notes, Indenture, and Guarantee Agreement.  SOF ¶ 25.  On January 15, 2021, the Trustee issued a second document production to Defendants concerning updated interest calculations, as well as its initial disclosures, and document requests directed to the Defendants.  On the same day Defendants also issued their own document requests, to which the Trustee responded on February 28, 2021 with a third document production, as well as written objections and responses.  SOF ¶ 25.  Defendants did not notice any depositions of any witnesses or seek any Rule 26(f) conferences with Trustee in the six months following the entry of the Summary Judgment Order.  SOF ¶ 27.

### LEGAL STANDARD

Summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "there can be but one reasonable conclusion as to the verdict," because "it is quite clear what the truth is." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Once the moving party discharges its burden of demonstrating that no genuine issue of material fact exists, the burden shifts to the nonmoving party to offer specific evidence showing that a genuine issue for trial exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The nonmoving party "must do more than simply show that

---

2   The parties were not able to resolve the matter in mediation.  The Mediator issued her final report on March 26, 2021.  *See* Final Report of Mediator #4 [ECF No. 50].

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmovant cannot do so, summary judgment is warranted. *Id.*

## ARGUMENT

**I.   THERE IS NO QUESTION OF MATERIAL FACT AS TO DAMAGES**

Since the execution of the Indenture, the Notes, and the Guarantee Agreement, a dedicated and experienced trustee has tracked the amounts due and owing under those instruments; first WSFS and now Plaintiff. SOF ¶¶ 3–14. Trustee has provided a breakdown of all principal, interest, fees, and costs incurred and paid since then. Combined with Trustee counsel's fees and costs, all of which are due as Obligations from Defendants to the Trustee and Noteholder under the plain language of the agreements, the total amount due as of May 25, 2021 is $12,706,177.10 comprised of $10,583,861.76 in principal, $1,749,665.34 in interest, and $372,650.00 in Noteholder accrued but unpaid fees and costs. SOF ¶ 19. Accordingly, those are the damages of Trustee's two breach of contract claims against the Defendants. Of this there can be no doubt, let alone any question of material fact—it is simply a matter of arithmetic.[3]

After six months during which the Defendants had ample opportunity to raise any evidence that might contradict or otherwise affect the damages calculation, nothing has emerged that would prohibit summary judgment. Accordingly, the Trustee requests that the Court grant its motion and bring this case to a close.

---

[3]   On May 17, 2021, Mrs. Clarke filed a Rule 56 motion to determine damages contesting Mrs. Clarke's liability under the Guarantee Agreement. *See* Mot. for Summ. J., Aff. of Thomas M. Clarke; Memo. in Supp. of Summ. J. Mot. [ECF Nos. 52–54] (the *"Clarke Damages Motion"*). However, she has since agreed to withdraw that Motion and not contest the damages as set forth in Trustee's instant prove up motion.

6

**CONCLUSION**

For the foregoing reasons, and for those stated in its motion, summary judgment should be granted as to damages and judgment entered in the amount of $12,706,177.10 together with fees and costs accrued and accruing after May 25, 2021, jointly and severally against defendants Bluestone Coke, LLC f/k/a ERP Compliant Coke, LLC, Thomas M. Clarke, and Ana M. Clarke and in favor of UMB Bank, National Association, as Trustee and that accordingly the Court enter an order substantially the same as the proposed order filed contemporaneously herewith.

Respectfully Submitted,

 /s/ Joseph P. Lombardo

>Michael Friedman
>Joseph P. Lombardo
>CHAPMAN AND CUTLER LLP
>*Counsel for Plaintiff UMB Bank, national association, as Trustee*
>1270 Avenue of the Americas
>New York, NY 10020
>(212) 655-6000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 25, 2021 a copy of the foregoing Memorandum of Law in Support of Damages Prove Up Summary Judgment Motion was filed through the Courts ECF system and will be sent electronically to the registered participants. Interested parties may access this filing through the Court's system.

By  s/ Joseph P. Lombardo
    Joseph P. Lombardo