# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UMB BANK, NATIONAL ASSOCIATION, AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>BLUESTONE COKE, LLC F/K/A ERP COMPLIANT COKE, LLC, THOMAS M. CLARKE, AND ANA M. CLARKE,<br><br>Defendants. | Case No. 1:20-cv-02043-LJL |

## UMB BANK'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS DAMAGES PROVE UP SUMMARY JUDGMENT MOTION

Plaintiff UMB Bank, National Association, as Trustee, respectfully submits herein its Damages Prove Up Statement of Material Facts in Support of its Damages Prove Up Summary Judgment Motion (the *"Motion"*).

1.     Originally, Wilmington Savings Fund Society, FSB (*"WSFS"*) served as Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Floating Rate Senior Secured Amortizing PIK Toggle Notes Indenture, dated as of January 11, 2017 (the *"Indenture"*).. *See* Ex. 1 hereto, the Declaration of Gordon Gendler (*"Gendler Decl."*) ¶ 3.

2.     On May 25, 2018, certain creditors filed an involuntary petition under 11 U.S.C. § 303(a) of the U.S. Bankruptcy Code against ERP Iron Ore, LLC (the issuer of the Notes) (*"ERP Iron"*), commencing a bankruptcy case in the U.S. Bankruptcy Court for the District of Minnesota styled as *In re ERP Iron Ore, LLC*, Case No. 18-50378 (the *"Bankruptcy Case"*). *See* Gendler Decl. ¶ 4.

3. On July 17, 2018, an Event of Default under the Indenture occurred pursuant to Section 6.01(a)(9)(i)(B) of the Indenture when ERP Iron consented to an order for relief in the Bankruptcy Case. *See* Gendler Decl. ¶ 5.

4. On that same day, all principal and accrued and unpaid interest on the Senior Secured Amortizing PIK Toggle Notes due December 31, 2019 in the aggregate principal amount of $22,500,000 (the *"Notes"*) was accelerated and became immediately due and payable under Section 6.02(a)(2) of the Indenture. *See* Gendler Decl. ¶ 6.

5. Pursuant to Section 2.1 of the Guarantee Agreement and Sections 6.08, 6.13, 7.07, and 11.01(a) of the Indenture, each defendant is responsible for the payment of all principal, interest, and all other Obligations (as defined in the Indenture) and Issuer Obligations (as defined in the Guarantee Agreement), which includes Trustee and Noteholder fees and costs, as well as prepayment of those fees and costs. *See* ECF No. 1-2 p. 11 through ECF No. 1-3 p. 34 (copy of the Indenture); ECF No. 1-4 pp. 29-54 (copy of the Guarantee Agreement).[1]

6. On June 7, 2019, WSFS delivered a written demand to Defendants seeking collection of all Issuer Obligations that, at the time, totaled no less than $15,207,026.34, consisting of principal, interest, and costs and expenses up to and including May 31, 2019. *See* Gendler Decl. ¶ 7; *see also* ECF No. 1-4, pp. 56-58 (Guarantee Agreement).

7. As of November 6, 2019, $14,838,963 in principal and $1,814,702.07 in accrued but unpaid interest was due and owing, along with fees and costs incurred by the trustee and its counsel and agents. *See* Gendler Decl. ¶ 8.

8. On that date, the Chapter 7 Trustee in the Bankruptcy Case wired $7,075,942.33 to WSFS per the terms of a settlement agreement. *See* Gendler Decl. ¶ 9.

---

[1] The contractual documents were originally submitted as evidence and authenticated in the Trustee's first summary judgment motion and are cross-cited here.

9.      At that time, WSFS held a balance of $7,172,611.82 which included the settlement funds plus $96,669.49 from a final interest payment.  *See* Gendler Decl. ¶ 10.

10.     On November 12, 2019, WSFS distributed $6,069,803.31 to the Depository Trust Company ("*DTC*") for the benefit of the Noteholders.  Of that amount WSFS applied, per the Indenture and Notes, $1,102,808.51 to WSFS' accrued but unpaid fees and costs, applied $4,255,101.24 to principal, and applied $1,814,702.07 to accrued but unpaid interest.  *See* Gendler Decl. ¶ 11, Ex. A.

11.     The fees and costs paid by WSFS from the settlement were for: its fees; the fees and costs of its attorneys in the Bankruptcy Case; and a $500,000 prepayment of trustee or noteholder fees and costs as a litigation fee holdback, all as provided for under §6.13 of the Indenture.  *See* Gendler Aff ¶ 12.

12.     On November 29, 2019, WSFS was removed and UMB was appointed as successor Trustee, Collateral Agent, Paying Agent, Registrar, and Calculation Agent under the Indenture and other related documents, and Plaintiff accepted such appointment, effective January 13, 2020.  *See* Gendler Decl. ¶ 13, Ex. B.

13.     Upon its acceptance of the transfer in January, the Trustee showed due and owing of $10,583,861.76 in principal, plus unpaid fees and costs incurred by the Noteholders in the amount of $372,650.66.  Gendler Decl. ¶ 14.

14.     In January 2020, WSFS transferred the prepayment litigation holdback balance of $447,269.25 to UMB.  Since that time, UMB has paid its fees and costs, including attorneys' fees and costs, from that amount.  The current balance is $95,239.29.  *See* Gendler Aff ¶ 15.

15.     Thereafter, interest continued (and has continued) to accrue at the default rate pursuant to Section 2.12(a) of the Indenture.  Trustee tracked the principal, interest, and other amounts due-and-owing in its internal system, a Microsoft Excel spreadsheet that Trustee has

used for many years and found to be reliable and correct in its calculation. *See* Gendler Decl. ¶ 16, Ex. C.

16. According to that reliable system of calculation, as of May 25, 2021, a total of $10,583,861.76 in principal and $1,749,665.34 in interest is now due under the Notes, Indenture, and Guarantee Agreement. *See* Gendler Decl. ¶ 17.

17. Prior to the settlement payment and transfer to the successor Trustee Noteholders incurred $372,650.66 in reasonable and proper fees and costs to which they are entitled to payment under Section 2.1(c) of the Guarantee and Sections 6.13 and 7.07(b) of the Indenture. *See* Gendler Decl. ¶¶ 18–19, Ex. D; *see also* Declaration of Joseph P. Lombardo, attached hereto as Exhibit 2, (*"Lombardo Decl."*) ¶ 8, Ex. A.

18. Since UMB has taken over as Trustee, the Trustee has paid its fees and costs from the prepayment litigation holdback amount. *See* Gendler Aff, ¶ 20.

19. Accordingly, as of May 25, 2021, the total amount due and owing under the Notes, Indenture, and Guarantee Agreement is $12,706,177.10, comprised of $10,583,861.76 in principal, $1,749,665.34 in interest, and $374,650.00 in Noteholder accrued but unpaid fees and costs. *See* Gendler Decl. ¶ 21.

20. In the Guarantee Agreement, Mrs. Clarke's guaranty is limited to the value of her interest in the "Guarantee Shares" as of the date of the Guarantee Agreement. ECF No. 1-4 p. 38 (Guarantee Agreement).

21. The "Guarantee Shares" are defined as Mrs. Clarke's 38.5 percent ownership in each of Seneca Coal Resources, LLC, Seminole Coal Resources, LLC and Conuma Coal Resources Limited (the *"Capital Stock"*). ECF No. 1-4 p. 53 (Schedule 2 of Guarantee Agreement).

22. On January 30, 2017, shortly after the execution of the Indenture and the Guarantee Agreement, Mrs. Clarke and Mr. Clarke delivered a certain Certificate Regarding Value of the Guarantee Shares (the *"Guarantee Certificate"*) to WSFS, the trustee at the time. *See* Gendler Decl. ¶ 22, Ex. E.

23. The Guarantee Certificate, executed by both Mr. and Mrs. Clarke, stated that the value of the Capital Stock "significantly exceeds $50.0 million and the aggregate principal amount of Notes issued under the Indenture on the date on which such Indenture was executed." *See* Gendler Decl. ¶ 23, Ex. E.

24. Additionally, in the Guarantee Agreement, Mrs. Clarke and Mr. Clarke made an affirmative representation stating that: "Each of the Guarantors party hereto has executed and delivered a certificate to the Trustee, on behalf of the Holders of the Notes certifying that as of the date hereof the value of the Guarantee Shares significantly exceeds the aggregate principal amount of Notes issued under the Indenture on the date on which such Indenture was executed." *See* Gendler Decl. ¶ 24, Ex. E.

25. On December 16, 2020, UMB issued a document production to defendants listing current amounts due and owing under the Notes as well as attorneys' fees invoices related to the overall damages calculation under the Notes, Indenture, and Guarantee Agreement. Lombardo Decl. ¶ 9.

26. On January 15, 2021, UMB issued a second document production to Defendants concerning updated interest calculations, as well as its initial disclosures, and document requests directed to the Defendants. On the same day Defendants also issued their own document requests, to which UMB responded on February 28, 2021 with a third document production, as well as written objections and responses. Lombardo Decl. ¶ 10.

27.    Defendants did not notice any depositions of any witnesses or seek any Rule 26(f) conferences with Trustee in the six months following the entry of the Summary Judgment Order. Lombardo Decl. ¶ 11.


DATED:        May 25, 2021

Respectfully Submitted,

 /s/ Joseph P. Lombardo

Michael Friedman
Joseph P. Lombardo
CHAPMAN AND CUTLER LLP
*Counsel for Plaintiff UMB Bank, National Association, as Trustee*
1270 Avenue of the Americas
New York, NY 10020
(212) 655-6000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 25, 2021 a copy of foregoing **UMB BANK'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS DAMAGES PROVE UP SUMMARY JUDGMENT MOTION** was filed through the Courts ECF system and will be sent electronically to the registered participants. Interested parties may access this filing through the Court's system.

By   /s/ Joseph P. Lombardo
           Joseph P. Lombardo