UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UMB BANK, NATIONAL ASSOCIATION, AS        :
TRUSTEE,                                                 :
                                                        :
                                    Plaintiff,          :        20-cv-2043 (LJL)
                                                        :
            -v-                                         :        ORDER
                                                        :
BLUESTONE COKE, LLC F/K/A ERP COMPLIANT    :
COKE, LLC, THOMAS M. CLARKE, AND ANA M.     :
CLARKE,                                                 :
                                                        :
                                    Defendants.         :
                                                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff UMB Bank, N.A., in this action seeks recovery of reasonable attorney's fees and
expenses, as well as principal and interest due and owing from Defendant Bluestone Coke, LLC
under an Indenture. Dkt No. 55. Bluestone Coke objects that the billing records underlying
Plaintiff's Rule 56.1 statement do not review for reasonableness. Dkt. No. 61. The records from
Chapman and Cutler are redacted to eliminate reference to the work performed. The records
from Cozen O'Connor contain no time entries whatsoever. Plaintiff replies that it has "redacted
invoices to protect privilege, but if this Court would like to see the unredacted invoices, [it
would] be happy to submit them for *in camera* review by this Court." Dkt. No. 62 ¶ 12.
Notwithstanding, the redactions do not appear to be limited to privileged information. All detail
is redacted regardless whether it would reveal attorney-work product or attorney-client
communications.

        A court in this District has held that "fees and costs recovered pursuant to contract must
be reasonable." *Hack v. Stang*, 2015 WL 5139128, at *8 (S.D.N.Y. Sept. 1, 2015). Assuming
but not deciding that such a limitation applies here and must be read into a contract that "neither
qualifies the attorney's fees recoverable as 'reasonable' nor fixes fees at a certain percentage of
its value," *Banca Della Svizzera Italiana v. Cohen*, 756 F. Supp. 805, 807 (S.D.N.Y. 1991), the
Court has determined that it would be prudent to take UMB Bank up on its offer—in part. By
Monday, July 19, 2021, UMB Bank shall file a submission on ECF containing time records or
other documentation sufficient for the Court to review the reasonableness of the fees and costs
and redacting only that information which would reveal attorney-work product or attorney-client
communications. Such documentation may take the form of contemporaneous billing records
from Chapman & Cutler and Cozen O'Connor. The records should be redacted only to maintain
the confidentiality of attorney-work product or attorney-client communications. It may also take
the form of other documentation from the Trustee, Chapman & Cutler, and/or Cozen O'Connor

which need not be contemporaneous.  However, whichever form it takes, it should describe the work done sufficiently for the Court to be able to determine that the hours worked and the fees charged are reasonable.  *See, e.g.*, *Banca Della Svizzera Italiana*, 756 F. Supp. at 808 (noting that "BSI's attorneys sufficiently documented their hours by setting forth an account of all the hours billed and a summary description of how those hours were spent").  Any supplemental opposition by Bluestone Coke shall be filed no later than July 26, 2021, at 5:00 p.m.

       SO ORDERED.

Dated: July 13, 2021
       New York, New York

                              LEWIS J. LIMAN
                          United States District Judge